BADENHAUSEN COMPANY,

Defendant below, Appellant,

*vs.*

EDGAR KIDWELL,

Complainant below, Appellee.

*Supreme Court, on appeal, June 27, 1919.*

Where the Chancellor at suit of a stockholder of an insolvent corporation appointed a receiver, the Chancellor may on proper showing authorize the receiver to continue the business for purpose of conserving the assets and restoring the corporation to a condition of solvency; and, where it appears that the corporation has attained a condition in which it can meet its obligations in the usual course of business, or there is a reasonable prospect its business can be successfully contihued, notwithstanding any deficiency of assets, the Chancellor may discharge the receiver and permit the corporation to resume business.

APPEAL FROM COURT OF CHANCERY.　The complainant below was a creditor of the defendant below, and filed a bill asking the appointment of a receiver because of the inability of the defendant below to pay its debts and meet its obligations as they mature in the regular course of business.　An answer was filed by the defendant below denying the allegations of the bill upon which were based the prayers for a receiver.　Before the hearing in the Court below, upon application of another creditor to the United States District Court for the Eastern District of Pennsylvania, receivers were appointed for the defendant below.　The bill filed in the Pennsylvania court contained allegations very similar to some of those denied in the answer filed by the defendant in the Court of Chancery, and an answer was filed by the defendant in the Pennsylvania court admitting the allegations of that bill, and upon those allegations and admissions receivers were appointed there.

Thereafter the cause pending in the Court of Chancery was heard, and the Chancellor entered a decree appointing receivers for the defendant, and from that decree the defendant appealed.

Argued before BOYCE, CONRAD, RICE and HEISEL, J. J.

*Herbert H. Ward*, of the firm of Ward, Gray & Neary, and *William W. Porter*, of the Philadelphia Bar, for the appellant.

*Robert H. Richards*, for the appellee.

PER CURIAM.   After a careful consideration of the record—the pleadings, admissions and evidence—and the arguments of counsel in this case, the Court is of the opinion that a fatal variance between the bill and the decree does not exist, and that the Chancellor was warranted in finding that the complainant below is a stockholder of the corporation respondent below, and that the latter is insolvent.   The decree of the Chancellor should not, therefore, be vacated but affirmed.

If after the decree of this Court shall be certified to the Court below, a proper showing should be made to the Chancellor, he doubtless would, under the powers vested in him, make such modification of his decree as may be necessary to authorize the receivers appointed by him to continue the business of the corporation respondent below for the express purpose of conserving its assets and restoring it to a condition of solvency.

Or if it should be shown that the corporation respondent below has attained a condition in which it can meet its obligations in the usual course of business, or that there is a reasonable prospect that its business can be successfully continued, notwithstanding any deficiency of assets, the Chancellor would discharge the receivers and permit the corporation respondent below to resume its business.

The decree of the Chancellor is affirmed.