HOLMES JONES,

*vs.*

MAXWELL MOTOR COMPANY, a corporation of
the State of Delaware.

*New Castle, Nov. 2, 1921.*

Under Court of Chancery Rule 44, providing that, for the purposes of a motion for a decree notwithstanding the answer, the facts set forth in the answer shall be taken to be true, such motion is in the nature of a demurrer, and the court must look to the answer for the facts on which to base its ruling, which facts, whether ultimately found true or false, together with those alleged in the bill and not denied, constitute the case for present consideration.

Under *Revised Code* 1915, § 3883, providing that the Chancellor, on application and for the benefit of any creditor or stockholder of an insolvent corporation not for public improvement, may, "in his discretion," appoint a receiver therefor, he may, for a good reason, decline to appoint a receiver, even if insolvency and the other jurisdictional facts are shown.

Injunction will not issue when the thing to be enjoined has been done and cannot be undone, though complainant has a perfect ground of complaint.

Under *Revised Code* 1915, § 3883, authorizing the Chancellor, on application by and for the benefit of any creditor or stockholder of an insolvent corporation, to appoint a receiver, a receiver will not be appointed for a corporation, every asset of which has been transferred to a receiver appointed by and duly sold under authority of courts in other jurisdictions, even if the funds realized therefrom have not been distributed and the receiver discharged, they being in process of final distribution, since, the object of the statute being to protect and conserve the property rights in and the claims of creditors against the assets, the court, when the corporation has no assets available to a receiver, will not appoint one, no useful purpose being subserved thereby.

Where all the creditors of an insolvent corporation, the appointment of a receiver for which was sought by a stockholder, owned debts payable in other jurisdictions where the assets were taken and sold by a receiver appointed by the courts thereof, and there were neither assets nor creditors in this state, and in no event could there be a surplus after payment of creditors, this court will not appoint a receiver.

The purpose of the provisions of *Revised Code* 1915, § 3883, providing for receiver, is to protect stockholders and creditors. The appointment is not in interest of corporation. Its assets may be sold and distributed, or turned back to corporation according as interests of stockholders and creditors would be best served.

On motion for a decree appointing a receiver for an insolvent corporation notwithstanding answer, a denial in the answer that the corporation had a large asset in the form of a chose in action against the officers and directors is conclusive.

Where an original bill for the appointment of a receiver charged mismanagement of a solvent corporation and bills subsequently filed in courts of other jurisdictions prayed the appointment of a receiver on the ground of insolvency, the first court had no prior jurisdiction; the rule that where the courts have concurrent jurisdiction the one in which relief is first sought may proceed without interference from the other being inapplicable where the two causes of action are different.

Where a stockholder, who filed a bill for a receiver on the ground of mismanagement of a solvent corporation, on being subsequently informed by adjudications in courts of other jurisdictions of the fact the corporation was insolvent, amended his bill to allege such fact, such amendment, since it introduced a new cause of action, cannot speak as of the date of filing of the original bill, but must be regarded as of the date of its own filing.

**BILL FOR APPOINTMENT OF RECEIVER.** The cause was heard on bill, amendments thereto, answer and supplemental answer, under *Rule* 44 of the Court of Chancery, for a decree notwithstanding answer. The facts are sufficiently set forth in the opinion of the Chancellor.

*Holmes Jones, in propria persona.*

*Herbert H. Ward,* for the defendant.

THE CHANCELLOR. The complainant, as a stockholder of the defendant, filed his bill in this cause on December 11, 1920, praying that a receiver be appointed for the defendant. The prayer for a receiver was not predicated on an allegation of insolvency. In deed, the original bill was constructed on the theory that the de-

fendant was solvent, but fraud and mismanagement were charged on the part of the officers.

After the filing of the original bill, to-wit, about January 14, 1921, three several suits were filed against the defendant in the District Courts of the United States for the Eastern District of Michigan, Southern Division, for the District of Indiana, and for the Southern District of Ohio, Western Division, seeking the appointment of receivers on the ground of insolvency.

About April 8, 1921, a receiver of the defendant was appointed by each of said courts (the same individual being appointed by each court), and a sale was ordered by said courts of all the property of the defendant. By the orders of said courts the defendant was required to assign and convey all of its property and assets whereever situate and of whatsoever kind unto the receiver; sale of the same was decreed to be made and creditors directed to file their claims. Thereupon the defendant company made the assignment and conveyance of all its property and assets to the receiver as required.

It appears from the answer of the defendant filed in this cause that at the time of the above proceedings in the United States Courts the defendant was insolvent within the meaning of *Section 3883 of the Revised Code of Delaware of* 1915.

While the original bill in this cause did not allege insolvency, yet, after the actions in the west, the complainant obtained leave to amend and did, on April 23, 1921, amend his bill, alleging for the first time insolvency.

Some discussion has been had as to the situation in which the pleadings were left by this amendment and as to the proper theory of relief which the amended bill is to be regarded as having set up. This phase of the case is not regarded as of moment at this time, and statement of the details in connection with it is therefore omitted.

After further amendment and the disposition of two demurrers the cause is finally at issue on amended bill and amended and supplemental answer. The complainant now moves for a decree notwithstanding answer under *Rule* 44 of this court.

While the answer does not expressly admit insolvency yet, as conceded by the solicitor for the defendant, it may be fairly

said that insolvency is in substance admitted. At all events, such is assumed to be the case for the purpose of disposing of the present motion.

The answer, though conceding insolvency, takes issue with the bill in the matter of the valuation of the assets, and particularly in the averment that the company possesses one asset in the form of a chose in action against the officers of the company for a large sum of money. The answer further states that all the property and assets of the corporation were duly sold by the foreign receiver, to whom transfers and conveyances thereof had been made, as required by the orders of the western courts; that these sales took place on May 12, 1921; were in a few days thereafter confirmed; and on May 28, 1921, a deed in conformity with the courts' directions was duly executed and delivered to the purchaser.

It appears from the answer that the defendant has no property of any kind in the State of Delaware; that all its property was located in the jurisdictions of the three United States Courts above mentioned; that this property was of very considerable value; and that the receivership and sale in the Federal Courts of Michigan, Ohio and Indiana were not only justified by the insolvent condition of the company, but were approved by a reorganization committee representing a large majority of creditors and of each class of stockholders of the defendant. It appears also that all the debts of the defendant were due and payable in one or the other of the three said districts where all of its property was and where the receiver was appointed.

When a motion for a decree notwithstanding answer is made under *Rule* 44, "the facts set forth in the answer shall be taken to be true for the purposes of such motion only." The motion, therefore, is in the nature of a demurrer to the answer, and as observed by the learned Chancellor who revised the rules of this court in 1917, it supplies the complainant with a way "to test the legal sufficiency of the defense set up by the answer." A denial of the motion is no more fatal to the complainant than is a judgment overruling a demurrer to a bill fatal to the defendant.

Because of the rule, the court must look to the answer for the facts on which to base its ruling. Any fact alleged in the bill and not denied or put in issue by the answer and all facts set up

in the answer, whether ultimately found to be true or false, constitute the case for present consideration under the rule.

Whatever might be the true light in which to view the complainant's case as he frames it in the language of his amended bill, for the purpose of this motion I shall proceed on the assumption most favorable to him, viz.: that the bill seeks the appointment of a statutory receiver under the provisions of *Section 3883 of Revised Code of* 1915, which provides, as follows:

"3883.  *Section* 40.  *Insolvent Corporations; Receivers of; How Appointed; Powers; Duties; Continuance of; Excepted Corporations;* —Whenever a corporation shall be insolvent, the Chancellor, on application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation, to take charge of the estate, effects, business and affairs thereof, and to collect the outstanding debts, claims, and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, to appoint an agent or agents under them, and to do all other acts which might be done by such corporation and may be necessary and proper; the powers of such receivers to be such and continued so long as the Chancellor shall think necessary; provided, however, that the provisions of this Section shall not apply to corporations for public improvement."

It should be said that the defendant contends that the prayers of the bill do not justify the view that the complainant has properly invoked the remedies of the section referred to.  It is not necessary for me to pass on this contention, for the reason that it may be disposed of in favor of the complainant and yet, as will appear, I would still deny the present motion.

I, therefore, assume for the purposes of this motion, the utmost of the complainant's contention, viz.: that the defendant is a corporation not for public improvement; that the complainant is a stockholder thereof; that the defendant is insolvent; and that the prayers are so framed that a statutory receiver may, if in the Chancellor's discretion it is deemed a proper case, be appointed. These assumptions, I repeat, are for the purposes of the present motion only.

The sole question with which the court now concerns itself is whether under the facts now appearing, the court's discretion ought to be exercised in favor of the appointment of a receiver.

The statute defines certain jurisdictional prerequisites which

must exist before the Chancellor may appoint a receiver in the cases of insolvent corporations. As above noted, I assume these jurisdictional prerequisites to exist in this case. But it is to be noted that the statute does not require in absolute terms that the Chancellor shall in every case where the jurisdictional facts are made out appoint a receiver. The language is, that he "may, at any time, in his discretion" make the appointment. I cannot understand this language to mean other than that the decree naming a receiver is not to follow as a matter of course upon the mere showing of the insolvency and the other jurisdictional facts. The Chancellor is to act in the matter as he, in his discretion, may determine. The discretion thus exercised will not be, and ought not to be, a capricious one. That the Chancellor will, the bare jurisdictional facts appearing, as a matter of course appoint a receiver, has never been determined. Indeed, all the discussions by the courts touching the statute in question have been predicated on the theory that even though all the jurisdictional facts specified in the statute have been made out, yet the appointment of a receiver will not as a matter of course follow, it being recognized that the case must be such as will make a favorable appeal to the discretion of the Chancellor. And in one case it was held that while the bald allegations of the jurisdictional facts may be sufficient to save the bill from demurrer, yet in such cases grounds for the exercise of the judicial discretion would not be shown. *Sill v. Kentucky Coal, etc., Co.*, 11 *Del. Ch.* 93, 97 *Atl.* 617.

There can be no doubt that though in the instant case it appears that the complainant is a stockholder of the defendant, that the defendant is a corporation of this State, not for public improvement, and that it is insolvent, yet the Chancellor in the exercise of his discretion may decline to appoint a receiver. If the receiver is refused, however, good reason should appear. How, therefore, does the case address itself to the discretion of the Chancellor?

The purpose of the statute is to protect the rights of stockholders and creditors in cases of insolvency. The receiver is not appointed in the interest of the corporation; nor does the proceeding look forward to its dissolution. It is not necessarily contemplated by the statute that in every case the company's

assets shall be turned into cash and distributed, and its business and affairs wound up. Cases may exist where the court might deem it best to continue to operate the company's business through a receiver and at a later time turn it back to the stockholders and officers as a going concern. That such are among the procedural possibilities within the statute, is manifest from the short opinion of the Supreme Court of this State in *Badenhausen Co. v. Kidwell*, 12 *Del. Ch.* 370, 107 *Atl.* 297.

It would, therefore, appear that the object of the statute is to protect and conserve the property rights of stockholders in, and the claims of creditors against, the assets of corporations created by the laws of this state. All the remedies given to stockholders and creditors are against the corporate assets; and the relief that may be afforded is to be applied through their management and administration by a receiver. When there are no assets to be had, then, as a practical proposition, there can be no remedy afforded.

If, therefore, a case should present itself in which it appears that there are no assets or property which the receiver can receive, it would be vain to appoint a receiver. Injunctions will not issue when the thing to be enjoined has been done, and cannot be undone, notwithstanding the fact that the complainant may have had a perfect ground of complaint. This is on the sensible principle that the court will not waste its efforts in undertaking vain and fruitless things. Unless something can be accomplished, a court of equity ought not to employ its extraordinary powers, for to do so in such case would be merely to make gestures and indulge in a show of flourishes. These considerations ought to apply in a receivership cause such as is now before the court.

When a corporation has no assets, no useful purpose can be subserved by naming a receiver— an officer of the court whose function under the statute is to take, hold, manage and administer assets; and in such case, the receiver ought not to be appointed. *Collins v. Myers, et al.*, 68 *Ga.* 530, will be found, on examination of the statute there involved, to contain an expression of view to this effect.

If it appears that there are no assets available to a receiver, nothing for him to take and, therefore, nothing for him to do in the event of his appointment, I shall decline to make the appointment.

Such is the case as it is presented on the present motion. I must take all the averments of the answer as true for the purposes of the motion. Looking thus to the answer for the facts, it appears that every asset of every description has been transferred to a receiver of courts in other jurisdictions and duly sold under authority of those courts. If the funds realized therefrom have not as yet been distributed and the receiver discharged (as to which there are no averments), nevertheless they are in process of final distribution, and I see no necessity for the appointment of a receiver by this court whose only activity, if he is appointed, can be to seek to induce the courts in those jurisdictions to resign their control in its very last stage to an officer of this court.

It appears that all the creditors of this corporation own debts payable in the jurisdictions where the assets were taken and sold; that there are neither assets nor creditors in the State of Delaware; and that there can in no event be a surplus of assets after creditors are paid. If it were otherwise, so that there would appear to be a surplus after debts available for stockholders, then it would be advisable for this court, in whose jurisdiction the corporation is domiciled, to appoint a receiver for the purpose of receiving such surplus from the foreign jurisdictions and distributing it among the stockholders. But such is not the case.

I have said that there are no assets remaining in the possession of the defendant. Such is the averment of the answer, and for the purpose of this motion such averment must, under the rule, be taken as true. The bill, however, challenges the truth of this averment, for it charges that the corporation has a large asset in the form of a chose in action against the officers and directors. The answer denies this, and, under the rule, such denial is for the present purpose conclusive. If on full hearing the complainant can show facts which reasonably indicate the existence of such an asset, then the application for a receiver will appear in a different light.

At this time, however, I must take the averment in the answer as true, viz.: that the defendant has no assets anywhere, except as proceeds from sales may now be in the possession of courts elsewhere in the course of administering receivership causes in their last stage. Certainly those courts would not surrender to a re-

ceiver of this court the funds in their custody for distribution here, where no creditors are, in lieu of distribution there, where all the creditors are.

But it is urged by the complainant that the jurisdiction of this court ante-dates that of the Federal courts in the districts referred to, because the original bill was filed here on December 11, 1920, whereas the actions in the other jurisdictions were not instituted until January 14, 1921; that, therefore, this court has a prior right to administer the assets of the defendant, and upon a representation to this effect made to the Federal courts by a receiver to be appointed in this cause, the Federal courts would be prompted to discharge their receiver after directing that the assets in his hands be delivered to a receiver ancillary to the one to be appointed by this court.

This contention is predicated on the theory that where two courts have concurrent jurisdiction, the one in which relief is first sought will, as a matter of comity, be permitted to proceed with the cause without interference from the other. That such is the rule, is laid down in the case of *Ward v. Foulkrod*, 264 *Fed.* 627.

The opinion in that case was rendered by Circuit Judge Woolley after an exhaustive and learned examination of the authorities. This court accepts as correct the principle laid down in the *Ward Case*. It has, however, no application to the case now before the Chancellor. This is manifest for the reason that in the case of *Ward v. Foulkrod, supra*, the bill filed in the Court of Chancery of this state charged and relied upon insolvency, and a receiver was sought on that ground; at a later time a bill was filed in the United States District Court for the Eastern District of Pennsylvania against the same defendant, similarly charging insolvency and seeking a receiver upon that ground. It was held by the Circuit Court that the Court of Chancery of this state was prior in point of time, and, therefore, in point of jurisdiction, and that upon proper application the District Court ought to discharge its receiver after he had passed his account, and appoint ancillary receivers.

In the case now before me, however, the situation is quite different. The feature that distinguishes this case from the case

of *Ward v. Foulkrod* is, that when the original bill was filed in this cause, it charged mismanagement of a solvent corporation. This was in December, 1920, and at a later date, namely, in the following January, the bills were filed in the Federal courts in Michigan, Ohio and Indiana charging insolvency, and praying the appointment of a receiver on that ground. The causes of action in the two suits were therefore different.

If there had been no amendment of the original bill filed in this cause, and the litigation had proceeded in this court upon the theory originally set up, it is manifest that the controversy involved would be entirely different from that involved in the Federal courts referred to. The situation, therefore, of two courts of concurrent jurisdiction contemporaneously assuming to adjudicate the same matter would not have been present, as was the situation in the *Ward Case.*

After litigation in the Federal courts had proceeded to the point where a decree of insolvency had been entered, after a receiver had been appointed and all the assets directed to be transferred to such receiver and sold, the complainant in this cause amended his bill on April 23, 1921, by alleging insolvency. This was the first time that a ground of complaint, to-wit, insolvency, was set up in this case similar to that which had at a prior time been set up and adjudicated in the other jurisdictions.

The complainant contends that the amendment thus filed should relate back and be dated as of the time of the filing of the original bill, to-wit, December 11, 1920; and that if this be allowed, then clearly this court had taken cognizance of insolvency as a ground of complaint at a date anterior to the Federal courts and being thus prior in time, this court's jurisdiction should be regarded as superior in right. With this view I cannot concur. Where an amendment is of such a nature as to introduce a new and distinct cause of action, it cannot, for the purpose now sought, speak as of the date of the filing of the original bill; it must, insofar as the matter of time is concerned, be regarded as of the date of its filing.

I hold that the amendment setting up insolvency as a ground of relief in this case must be regarded, for the purposes of conflict of jurisdiction, in the same light as if an original bill had at that time been filed setting up such ground of relief.

In this view of the matter, I regard the pending amended bill, alleging insovency as a ground of relief, as subsequent in point of time to the bills filed in the western Federal jurisdictions seeking relief on similar grounds. If, therefore, the principle of comity is to prevail at all, it should operate against an attempt by this court to disturb the situation of the litigation in the western districts, rather than in favor of an attempt, through a receiver of this court, to disturb the jurisdiction of the courts in those districts.

The history of the procedure in the pending cause indicates that the complainant had no knowledge of the insolvency of the defendant until he was informed thereof by the adjudications in the Federal courts referred to. I cannot bring myself to look with favor upon a proposal that this court should appoint a receiver as a result of information acquired by reason of prior litigation in other courts, and then, if such receiver is to be effective, permit him to appear before those same courts for the purpose of asking them as a matter of comity to resign their jurisdiction. Such a procedure would, in substance, be tantamount to directing a receiver of this court to make the following representation to the other courts, viz.:

"I have been appointed receiver by the Court of Chancery of the State of Delaware as a result of information which litigation in your courts disclosed. Will you, therefore, retire from the situation and allow the Court of Chancery to wind up the particular business you have in hand?"

No consideration of comity could ever be expected to induce the foreign courts to accede to such a request. The most that could be expected in the way of comity, or courtesy, between the courts, if such an application were made, would be to hope that the foreign jurisdictions would refrain from giving a sharp reply.

Furthermore, as a matter of expeditious and economical administering of the affairs of this corporation, it would be unreasonable for this court to seek to set at naught all steps that have thus far been taken in the federal courts where the litigation is near its end, and to seek to compel the creditors whose claims are located in those districts to start anew and litigate their rights in this court. So far as I can see, if the attempt were successful expense and delay would be thereby occasioned, and nothing would be gained, except possible satisfaction to the complainant and perhaps some compensation to the receiver and his attorneys who

would be concerned in completing the administering of the corporate affairs here in this jurisdiction.

While it is in the power of this court to appoint a receiver on the present motion, yet the facts are such as to move me to exercise my discretion adversely to the motion. The motion for a decree notwithstanding the answer is, therefore, denied. Under the rule the complainant may elect to take a final decree, or that the cause shall proceed in due course as if such motion had not been made.

Let an order be entered accordingly.