KATIE B. CARLE,

*vs.*

INTERNATIONAL CLAY PRODUCTS COMPANY, a corporation of the State of Delaware.

*New Castle, Apr.* 21, 1926.

*George N. Davis*, and with him *A. C. Cass*, of New York City, for complainant.

*Robert H. Richards*, and with him *Ashton L. Worrall*, of Philadelphia, Pa., for defendant.

THE CHANCELLOR. The defendant was duly dissolved under the *General Corporation Law.* (22 *Del. Laws, c.* 167). Upon the dissolution of a corporation, the directors were formerly constituted

by *Sections* 41 and 42 of the act trustees with certain powers for the purpose of settling the corporation's affairs. The Chancellor was authorized by *Section* 43 upon the application of a creditor or stockholder to continue the directors of dissolved corporations as trustees, or to appoint a receiver. But a receiver would not be appointed under *Section* 43 to take over from the director-trustees the duty of winding up except for reason shown, or by consent of the directors. *Cahall, Receiver, v. Lofland, et al.,* 12 *Del. Ch.* 125, 107*A* 769.

'*Sections* 41 and 42 have now been repealed by *Section* 10, *Chap.* 112, *Vol.* 34, *Laws of Delaware.* So that now the directors are no longer continued as trustees. Though by an amendment to *Section* 43 they may be appointed to act as such or a receiver may be appointed.

Upon the dissolution of a corporation, its existence is continued by *Section* 40 as heretofore for the space of three years for the purpose of gradually settling and closing its business. The directors, now that *Sections* 41 and 42 are repealed, therefore continue as directors, not as trustees, to close up the corporate business. The same considerations which prompted the Chancellor in the cited case to refuse to displace the directors as trustees in dissolution by a receiver except for reason shown, suggest that the directors as directors in dissolution should likewise be not similarly displaced except for reason shown.

The answer in this case controverts every allegation of the bill which undertakes to show a reason for displacing the directors in winding up the corporate business and contains allegations which if true would make the appointment of a receiver unnecessary and a useless expense. All the facts set forth in the answer are taken as true for the purposes of the pending motion, *Jones v. Maxwell Motor Co.,* 13 *Del. Ch.* 76, 115 *A.* 312, and so the motion must be denied.

Let an order be entered accordingly.