ROBERT F. GARLAND, W. L. KISTLER, INC., a corporation of the State of Oklahoma, MAURICE G. CLARK, J. H. MC-CREADY, Administrators of the Estate of J. E. Mc-Cready, deceased, and E. W. BURNS,

*vs.*

INDEPENDENT OIL AND GAS COMPANY, a dissolved corporation of the State of Delaware.

*New Castle, July 29, 1931.*

*E. Ennalls Berl,* of the firm of Ward & Gray, and *Willard Martin,* of Tulsa, Okla., for complainants.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for defendant.

THE CHANCELLOR: *Rule* 44 requires that a motion for decree notwithstanding answer should be made within ten days after answer filed. The answer was filed March 7, 1931. The motion for decree notwithstanding answer was made May 15, 1931. It was therefore too late under the rule.

The complainants however ask that the rule be not enforced against them. The defendant opposes the request because it says there is no power in the court to waive the requirement of the rule, there being no reservation of such power in the rule itself. *In re Du Pont, et al.,* 8 *Del. Ch.* 442, 68 *A.* 399, is cited to support the proposition that "the general rules of the court, when made and promulgated as such, have, so long as they remain unrescinded or unmodified, the force and effect of law, and are equally binding on parties and the court."

Relying on that proposition, the defendant insists that the court is without power to modify *Rule* 44 so as to subject the defendant to its operation after the time has expired during which the rule by its terms is made effective against the defendant.

The case from 8 *Del. Ch.* is not decisive of the question. That case involved the alteration for a particular case of a rule which gave costs to the Register. It was a rule that conferred property rights in costs. The Chancellor so regarded it, as is evident from the fact that he is reported (*page* 445 of 8 *Del. Ch.,* 68 *A.* 399, 400) to have considered that "to deprive him [the Register] of it [compensation for his services] by special order made in a particular case would be analogous to the deprivation of vested rights by retrospective legislation."

The cited case therefore is to be read in the light of its facts. It establishes the sanctity of a general rule of court as exempt from alteration to fit a particular case when to allow it would disturb a substantial property right acquired under it. That the case did not mean to establish as rigidly inflexible the rules of court that are designedly framed for procedural purposes, is evident not only from the peculiar nature of its facts, but as well from the note which the Chancellor appended to his report of it.

The rule with which we are here dealing is a rule of procedure only, and therein is clearly distinguishable from the rule to which *In re Du Pont, et al.*, referred.

This court has not hestitated on frequent occasions to extend the time for the taking of precedural steps, when the interests of justice or the convenient and economical conduct of causes would appear to be best subserved thereby.

*Rule* 43-*A* providing that the periods of time mentioned in *Rules* 41, 42 and 43 may be curtailed or enlarged, does not indicate, from the word "enlarged," that the Chancellor has recognized a general lack of power to enlarge periods under the rules unless an express reservation to that effect is made. The constant practice of the court refutes such a contention. The word "enlarged" was inserted in *Rule* 43-*A* simply in the interest of comprehensiveness. It might just as well have been omitted.

A motion for decree notwithstanding answer under *Rule* 44 is in the nature of a demurrer to the answer, and like a demurrer it admits all of the allegations of the answer to be true for the purposes of the motion. *Jones v. Maxwell Motor Co.*, 13 *Del. Ch.* 76, 115 *A.* 312; *Carle v. International Clay Products Co.*, 15 *Del. Ch.* 166, 132 *A.* 892.

This being so, the motion when made too late under the rule is similarly posited to a demurrer to a bill filed after the time allowed in the rules for demurring. The case of *Gunison, et al., v. Woodward Iron Co., et al.*, 15 *Del.*

*Ch.* 293, 136 *A.* 889, was such a case. There the defendants had answered and then moved for leave to withdraw the answer and file a demurrer. This court granted the leave.

That case is identical in principle with this one and I see no reason for departing from its ruling. It settles the power of the court to relax its procedural rules in the interest of expedition and economy in litigation pending before it.

Rules of procedure of course are made to be observed and the court should not regard them as lightly to be set aside. Protection against an abuse of the right to be relieved against them must be left to the court in the manner of the exercise by it of its discretionary power.

The power to grant the complainants' motion being established, should the court exercise its discretion in favor of entertaining it? I think it should in this case. I have looked through the defendant's answer. Without assuming to pass upon whether its averments, if accepted as true, are sufficient to defeat the bill (this should be passed upon after argument), I nevertheless am of the opinion that the efficacy of the facts set up in the answer to establish a defense, is sufficiently debatable to warrant the filing of the motion. If the answer does admit a case that entitles the complainants to relief, it would appear a travesty upon common sense for the court to say to the complainants— you must proceed with proofs to make out a case for relief notwithstanding your adversary's answer shows you are entitled to it, for you ought to have tested the answer sooner. The case seems to me to be one in which under all the circumstances, the court should allow the motion to be heard and, if after argument it appears to be well founded, the court should grant it.

The motion under *Rule* 44 will therefore be entertained. Order accordingly.