## In re HAWKINS MORTG. CO.

## HOCH et al. v. WALLACE.

### Nos. 4968, 4982.

Circuit Court of Appeals, Seventh Circuit.
June 22, 1933.

Harry J. Lurie, of Chicago, Ill., for appellants.

Joseph J. Daniels, of Indianapolis, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Two appeals have been taken from the same order of the District Court, and they will be disposed of in a single opinion. Appellants have taken two appeals because uncertain whether the order appealed from was entered in such a proceeding in the administration of the bankrupt estate of the Hawkins Mortgage Company as to necessitate the exercise of discretion by this court, in allowing the appeal as provided by Section 47, Title 11, U. S. C. (11 USCA § 47).

On December 30, 1924, the Hawkins Mortgage Company, a Delaware corporation, was adjudged a bankrupt by the United States District Court for the District of Indiana. Wallace was duly elected trustee on January 28, 1925. Hearings on claims were had, and the referee allowed some and disallowed others and fixed the order of priority of payments. Thereafter, the Hawkins Mortgage Company filed a petition with the trustee praying for an order directing said trustee to turn over to it all surplus remaining in the possession and custody of the trustee. The application was denied.

Thereafter, on March 11, 1932, one Hoch was appointed receiver of said Hawkins Mortgage Company by the Court of Chancery of the State of Delaware upon a showing that the charter of said company had become void through its failure to pay, for several successive years, the franchise taxes assessed against it. Bankrupt consented to, and joined in the request for, the appointment of the receiver. Whitaker was thereafter appointed ancillary receiver by the Jay County Court of Indiana.

The contest is one between the receivers of the bankrupt company and the trustee in bankruptcy for the possession of, and the right to distribute, moneys now in the hands of the trustee. The assets of said bankrupt have been reduced to cash by the trustee in bankruptcy. The allowed claims exceed the assets by a large amount. Appellants, however, assert that most of the claims should have been disallowed because they are predicated on and arise out of sales of stock (common and preferred) which sales were induced by fraudulent representations of agents and officers of the bankrupt.

 Appellants petitioned the referee for an order directing the trustee to pay over to them

"All other assets of every kind, character and description which the said Trustee in Bankruptcy now has or hereafter may have after the payment in full by said Trustee in Bankruptcy of the claims of general creditors * * * and after payment of the lawful expenses of administration of the estate, * * *

"That so much of the order entered herein by the Referee on the 29th day of July, 1931 allowing each claim upon preferred stock * * * and allowing each claim upon common stock of the Hawkins Mortgage Company * * * be vacated, set aside * * *."

The trustee in bankruptcy moved to dismiss this petition, and the matter was certified to the United States District Court after the referee had ordered appellants' petition dismissed. The District Judge sustained the order of dismissal.

It is first necessary for us to determine the nature of the order appealed from that we may ascertain which appeal lies. We conclude that the order is one from which an appeal may be taken only when this court in the exercise of a sound discretion authorizes it, and therefore Appeal No. 4982 must be dismissed.

As to Appeal No. 4968. Appellee first argues that inasmuch as the power of the Circuit Court of Appeals to superintend and revise the proceedings of the courts of bankruptcy within their jurisdiction "shall be exercised by appeal * * * and [shall] *be allowed in the discretion of the appellate court,*" this court should not exercise its discretion in favor of the appellants upon facts so devoid of merit as those shown in the record before us.

When appellants applied for an order allowing the appeal, there was but one judge present, who, to protect the rights of both parties, allowed the appeal but at the same time entertained a motion to vacate the same. It was ordered that both matters be heard before the court *in banc* after briefs had been filed. We are, therefore, first confronted by a question involving our discretion.

The facts upon which appellee relies to support his argument may be briefly stated as follows:

 Appellant Hoch's appointment was made without facts being disclosed to the court which, if known, would have resulted in the dismissal of the bill for the appointment of a receiver. At the time the receiver was appointed by the Chancery Court of Dela-

ware, the Hawkins Mortgage Company had been adjudged a bankrupt for over seven years, the assets of the company had been reduced to cash, and the claims which had been filed and duly allowed far exceeded the amount of cash on hand. A receiver should not be appointed except where there are some assets to be administered. Jones v. Maxwell Motor Co., 13 Del. Ch. 76, 115 A. 312.

The sole ground for the appointment of the receiver in the Delaware state court was the corporation's failure to pay the franchise tax to the state. It, however, had ceased to do business for over eight years, was hopelessly insolvent, and a trustee was winding up its affairs. The purported consent of the corporation, upon which the order appointing the receiver was based, could not have been authorized for the corporation was dead. It had done no business for five or six years. Its principal officers had been serving time in the penitentiary, and there was no *authoritative action* on the part of the corporation taken, or which could be taken, consenting to the appointment of a receiver.

There is here present rather persuasive proof of collusive action between complainant and the corporation, the object of which was to secure the appointment of a receiver who might further annoy the defrauded stockholders and delay the realization of their claims. And if such claims were defeated as claims against the corporation, then the cash on hand in the possession of the trustee, now ready for distribution among claimants including stockholders, would be reduced by the expenses of the receivership.

The position of the appellant seems so barren of merit that the court would greatly abuse the discretion in it lodged, if it allowed receivers, appointed under circumstances so strongly suggestive of collusion, to prosecute this appeal, the sole purpose of which is to take from claimants a part of the sum ready for distribution and turn the same over to said receivers that they might make deductions for their fees and expenses before paying the balance, if any, to such claimants.

This court does not, and can not, question the validity of the order appointing Hoch receiver, inexcusable as it may seem. Any attack upon his appointment must be made in the court which appointed him. Successful attack upon such an order can not be made collaterally. But while not attacking the validity of the order of the appointment, this court may and will inquire into the facts surrounding the good faith

character of appellants' conduct in this entire litigation in order that it may better and more wisely exercise its discretion. If satisfied that appellants are mere spoils hunters looking for fees for themselves and counsel, or if convinced that the allowance of the appeal will delay the closing of the administration of the bankrupt estate and result merely in the dissipation of the funds because of litigation, and thus delay the already long postponed distribution of the assets, sound discretion calls for the denial of the application.

Likewise, if convinced that the appellants were appointed upon the application of those who conceived the iniquity, as evidenced by the management of the Hawkins Mortgage Company (see Hawkins v. U. S. (C. C. A.) 14 F.(2d) 596; Scheib v. U. S. (C. C. A.) 14 F.(2d) 75), and scuttled the ship as it headed towards the shore of bankruptcy, the court in the exercise of its discretion will be reluctant to allow an appeal which would only serve to extend the period of controversy.

Whether the question be viewed on its merits or as one involving a matter of discretion in allowing the appeal, the conclusion is the same. The referee was authorized to hear and allow or disallow all claims presented against said bankrupt estate of the Hawkins Mortgage Company. Except for review as provided by the Bankruptcy Act and rules supplementing the same, the action of the referee in allowing or disallowing such claims was final. The claims filed against the estate, which were duly allowed, far exceeded the amount of property in the possession of the trustee in bankruptcy. The allowance of these claims (whether growing out of the sale of stock or based on any other theory) is not the subject of collateral attack. Nor can the receiver of said company, appointed after the claims are allowed, review the allowance of such claims in the face of the lapse of time that has occurred since their allowance and in the face of previous review of the same question by the corporation prior to the appointment of the receiver. Nor can we say, if the question were properly before us for consideration, that a defrauded stockholder may not have, under any circumstances, a provable claim against the bankrupt estate growing out of the fraudulent representations made when the stock was sold.

The order heretofore entered allowing the appeal is hereby vacated, and appellants' application for appeal in No. 4968 is hereby denied. The appeal in No. 4982 is dismissed.