99 A.2d 504 (1953)
BANKS
v.
CRISTINA COPPER MINES, Inc.
Court of Chancery of Delaware, New Castle County.
September 9, 1953.
James L. Latchum and William S. Potter, of the firm of Berl, Potter & Anderson, of Wilmington, and Edgar Allen Poe, Sr., and Edgar Allen Poe, Jr., of the firm of Bartlett, Poe & Claggett, of Baltimore, for plaintiff.
George T. Coulson and Edwin D. Steel, Jr., of the firm of Morris, Steel, Nichols & Arsht, of Wilmington, for defendant.
*505 BRAMHALL, Vice-Chancellor.
Defendant's motion is based upon its contention that defendant is not insolvent within the meaning of Title "8", Code of 1953, § 291. Plaintiffs' cross-motion is based upon the contention that defendant is unable to pay its debts as they mature in the usual course of business, is therefore insolvent within the meaning of the statute and that this court should exercise its discretion and appoint a receiver to protect its assets. Since my determination of these motions must be based upon the facts presented by the pleadings, affidavits, and depositions, a discussion of the essential facts will be necessary.
In the complaint of plaintiffs filed on October 17, 1952, it is alleged that the defendant is insolvent in the sense that it is unable to pay its debts in the ordinary course of business as they mature and the appointment of a receiver is requested. In particular it is averred that defendant is indebted to the law firm of Bartlett, Poe & Claggett in the sum of $4,497.20, for which payment has been demanded, and that defendant has outstanding obligations for salaries for its officers, a bill for defendant's accountant, and other indebtedness, totaling the sum of approximately $122,000.
In defendant's answer filed on November 24, 1952, it is denied that defendant is unable to pay its current maturing obligations as alleged in the complaint. It is contended by defendant that payment of the items of loans payable by the corporation to certain of its officers and directors, amounting to approximately $77,000.00, is not demanded by them, as evidenced by letters from the obligees and depositions offered by defendant, to the effect that no demand for payment has been made and that they have no intention of pressing these claims until such time as the defendant can eventually pay them. Defendant further asserts that the item of $4,497.20 alleged to be due to the firm of Bartlett, Poe & Claggett is in serious dispute; that it was agreed that this firm should represent the defendant before the Securities and Exchange Commission for a retainer of $1,000, plus $200 per diem, but that the entire fee was not to exceed $2500; that the compensation alleged to be due to this law firm was contrary to certain resolutions on the minutes of defendant, of which this law firm had knowledge, one of its *506 members then being a member of defendant's board of directors and having prepared the same; that other obligations of defendant presently due were paid by the issuance of stock of defendant to the creditors or by payment in cash advanced by certain of the officers and directors of defendant; that defendant can pay promptly the obligation of the law firm of Bartlett, Poe & Claggett upon determination of the amount, if any, which may be due and owing by defendant to this firm.
Insolvency is a jurisdictional fact, proof of which must be clear and convincing and free from doubt. Kenny v. Allerton Corporation, 17 Del.Ch. 219, 151 A. 257; Manning v. Middle States Oil Corporation, 15 Del.Ch. 321, 137 A. 79. If the court should entertain any serious doubt, a complaint asking for the appointment of a receiver should be denied. Kenny v. Allerton Corporation, supra. Even when insolvency is shown, the appointment of a receiver will not follow as a matter of course. Whether the appointment should be made is always a question which rests in the sound discretion of the chancellor. Kenny v. Allerton Corporation, supra; Freeman v. Hare & Chase, 16 Del. Ch. 207, 142 A. 793; Jones v. Maxwell Motor Co., 13 Del.Ch. 76, 115 A. 312.
The balance sheet of defendant as of August 31, 1952, shows the total assets of the company to be $1,309,501.53, with the total liabilities amounting to $122,813.29. The company is not operating. Its total source of revenue has been through the sale of stock, as to which a stop-order was issued by the Securities & Exchange Commission. The assets consist of leaseholds in mining property in the Republic of Cuba, together with stock in at least one subordinate company. The liabilities of defendant consist of loans made by certain officers and directors of defendant in the sum of approximately $77,000, and obligations for attorney's fees, accountants, etc., totaling approximately $122,000. The obligation of Bartlett, Poe & Claggett is the only obligation presently due and payable as to which there has been a demand for payment. That claim, says the defendant, is disputed. At the time of the filing of the complaint, there were other obligations of defendant in which the creditors were demanding payment. These obligations were paid largely through the issuance of stock of the corporation to the creditors. Admittedly, defendant has been unable to maintain its existence other than through the sale of its stock and by means of substantial loans made by certain of its officers and directors. Nevertheless, the fact that the money which was used to pay defendant's debts was borrowed money does not constitute an inability to pay its obligations as they mature, which is the ground of insolvency as alleged here. Freeman v. Hare & Chase, supra. While insolvency must be shown at the time the bill is filed, yet if thereafter the condition of insolvency, that is, the inability of defendant to pay its obligations as they mature, no longer continues to exist, a receiver should not be appointed. Freeman v. Hare & Chase, supra.
It is strenuously contended by plaintiffs that the dispute as to this claim is without merit and was never raised until subsequent to the filing of this complaint. Be that as it may, there is substantial evidence to support defendant's contention, at least in part. In a motion for summary judgment a court can determine only whether or not there is a genuine issue as to a material fact. It cannot try the issue. See 3 Federal Practice and Procedure (Rules Ed.), Sec. 1231, p. 69. Defendant contends that there was an agreement that the fee under no circumstances would exceed $2500. It has by affidavits and depositions set forth evidence to substantiate this contention. Defendant has also set forth certain legal defenses by reason of resolutions on the minutes of defendant, of which defendant alleges that the claimant had knowledge.
As to part of this claim, I conclude that there is a genuine dispute between the parties. As to any portion of this claim *507 which may not be in serious dispute, I conclude that a receiver should not be appointed by reason thereof. When certain creditors of defendant asserted their claims defendant was able to pay them, largely, it is true, by the issuance of its stock to the creditors. As to other obligations, these have been met by loans to the company from certain of its officers and directors. Defendant asserts that it is in a position to pay at once any amount which may be determined to be due under this claim. The balance sheet of defendant shows assets of more than a million dollars over the amount of its total indebtedness. While it might be that the value of these assets are grossly overstated, and that it might be problematical as to whether or not funds could be raised upon the security thereof, nevertheless, in the exercise of my discretion, I feel that after the exact amount, if any, which may be determined to be due on this claim is finally determined, the defendant should be able to raise sufficient to pay in full the claim of Bartlett, Poe & Claggett. If a defendant which is charged to be insolvent only in the sense that it cannot pay its current bills has sufficient credit upon which to raise funds to pay those bills, a court ought not generally to appoint a receiver. McKee v. Standard Minerals Corporation, 18 Del.Ch. 97, 156 A. 193; Freeman v. Hare & Chase, supra.
Plaintiffs contend in support of their complaint that the defendant will never be successful under its present management in its effort to develop the properties which it holds under leases and that it has been able to maintain its existence only by the selling of additional stock and by advances made by certain of its officers and directors. Assuming this to be a fact, it has no bearing upon the present complaint as disclosing insolvency necessary for receivership. See McKee v. Standard Minerals Corporation, supra. Moreover, a court will not, in the absence of bad faith on the part of the management, appoint a receiver for a corporation merely because a minority of stockholders thinks it is undesirable for the corporation to continue in business or because he is dissatisfied with the manner in which it is being conducted. Lewis v. Commonwealth Security, D.C.Del., 51 F.Supp. 33. No mere differences of opinion among stockholders or directors as to business policy or methods pursued by the corporation can of themselves constitute a legitimate ground for the appointment of a receiver. Carson v. Allegany Window Glass Co., C.C. Del., 189 F. 791.
I conclude that insolvency within the meaning of our statute has not been made out. Defendant's motion for summary judgment will be granted.
An order will be signed, on notice, in accordance with this opinion.