143 A.2d 272 (1958)
Edith Kritzer PAULMAN and Julia Winlfred Kritzer, Plaintiffs,
v.
KRITZER RADIANT COILS, Inc., a Delaware corporation, Defendant.
Court of Chancery of Delaware, New Castle.
June 26, 1958.
Stewart Lynch, of Hastings, Lynch & Taylor, Wilmington, for plaintiffs.
Robert H. Richards, Jr., of Richards, Layton & Finger, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiffs, who are sisters, each own 25% of the stock of the defendant corporation while their brother, Henry Kritzer, Sr., owns 50% of the stock. It is conceded that for the last four annual meetings there has been a failure to elect directors because of an evenly divided vote of the stockholders. This is the story of the two sisters versus the brother.
Plaintiffs have filed a petition for the appointment of a receiver for the defendant corporation under 8 Del.C. § 226 which provides as follows:

*273 "Whenever, by reason of an equally divided vote of the stockholders, there shall be a failure to elect directors, and such failure for such reason shall exist at two successive annual elections, or if there shall be a failure to elect directors by reason of an equally divided vote at an election held in accordance with section 224 of this title, the Court of Chancery, on application of any stockholder, may appoint one or more persons to be receivers of and for such corporation, with all the powers and title of a receiver appointed under section 291 of this title and, in addition thereto, the power to continue the corporate business until otherwise ordered by the Court."
At the close of plaintiffs' evidence defendant moved to dismiss the action. The court decided to take the matter under advisement at that stage with the agreement of the parties. This is the decision thereon.
I note, preliminarily, that our statute provides for either an operating or a liquidating receiver. Plaintiffs do not say which is desired.
Plaintiffs make two contentions. They first assert that the mere showing of a failure to elect directors for two successive annual elections because of an equally divided vote of the stockholders, in and of itself, requires the court to appoint a receiver. Defendant challenges this construction of the statute, pointing out that the statute uses the word "may" appoint a receiver.
I am satisfied that defendant's suggested construction of the statute is correct. If the appointment were intended to be automatic and not within the court's discretion there was no reason to use the permissive word "may" rather than the mandatory "shall". It will be noticed that under 8 Del. C. § 291, dealing with the power of the court to appoint receivers for insolvent corporations, the permissive "may" is employed. This has been held on many occasions to give the court a discretionary power even though insolvency exists. See Noble v. European Mortgage and Investment Corp., 19 Del.Ch. 216, 165 A. 157; Banks v. Cristina Copper Mines, Inc., Del.Ch., 99 A. 2d 504. By parity of reasoning, particularly where the drastic receivership remedy is involved, a bare showing of failure to elect directors for two successive annual meetings because of stockholder deadlock is not sufficient to require the court to appoint a receiver, under the language of the statute. I so conclude. See Hornstein, A Remedy For Corporate Abuse, 40 Col.L.R. 220, 230-231.
I next consider plaintiffs' contention that the evidence adduced in addition to the showing of a failure to elect directors is sufficient to move the court's discretion in favor of an appointment unless the defendant goes forward with its proof. Defendant contends that the evidence produced by plaintiffs, taken in its best light, should not move the Chancellor to exercise his discretion in favor of an appointment of a receiver under the statute.
Based on my evaluation of plaintiffs' evidence, the facts I shall now discuss were established for purposes of this decision. The deadlock has continued for four annual elections. The 50% stockholder, Henry Kritzer, Sr., whose faction is in operating control of the corporation (he being president), has refused to give plaintiffs new certificates showing their stock interest in the corporation since its name was changed, although he caused a new certificate to be issued for his shares. It appears that in an action in the state court in Illinois at one stage the answer of the corporation and of Henry denied that plaintiffs were stockholders. However, later defendant's counsel communicated to plaintiffs' counsel that he believed this defense was without merit. It is established that Henry and the other two members of the board, presumably being "friendly" to him, have refused to give plaintiffs recognition on the board by permitting them to "name" one of the three *274 directors. One of the plaintiffs was on the board for a time but retired voluntarily.
Plaintiffs also complain that they could not obtain information from the corporation concerning its financial affairs. I believe the "conditions" subsequently imposed will give sufficient recognition to this complaint.
Plaintiffs argue that they also proved mismanagement through alleged diversion by Henry of a corporate opportunity. However, I am satisfied that the plaintiffs failed to sustain their burden of proof on this point insofar as the admissible evidence before me is concerned. It is also true that no dividends have been paid on the stock since the corporation came into existence some 14 years ago. However, plaintiffs do not challenge the amount of Henry's salary or the failure to pay dividends. Indeed, apart from the unproven corporate opportunity charge, they do not challenge Henry's management of the business.
Considering the evidence which I have narrated, it is apparent that one of plaintiffs' principal grievances is that Henry is making a living from the business, whereas, they are obtaining no income or no return on their investment. This is the not unusual and dreary situation which is created when members of a family "agree to disagree". Plaintiffs emphasize that this deadlock can go on indefinitely, which is true. But such a consequence is necessarily implicit in the arithmetic of stock holdings. In and of itself it is not a sufficient reason to appoint a receiver under the present law. I note that some states have solved this problem by passing statutes which give the "outside" stockholders the right to have their interest appraised and sold to the corporation. We have no such statute in Delaware.
Plaintiffs next point to the failure to give them new certificates when the corporation's name was changed. The records do not appear to show whether it was contemplated that new certificates would be issued. However, it is established that Henry caused a new certificate to be issued to himself. Under the circumstances it is quite apparent at this stage that the corporation had an equal obligation to issue new certificates to plaintiffs. But this evidence falls far short of a sufficient showing to justify a receiver. I will have something more to say about this matter in connection with the ultimate determination.
Although Henry and the corporation once challenged plaintiffs' claim of stock ownership, on the evidence before me, it was withdrawn. It certainly does not justify an appointment of a receiver. But once again, it is a factor which I consider in the ultimate decision.
Finally, even if the facts relied upon by plaintiffs are viewed collectively, the composite still does not justify the appointment of a receiver. Certainly, the court, as a matter of policy, has no desire to take over the management of a business where there is not the slightest challenge to the efficiency of the management and no suggestion that it is deliberately being operated so as to solely benefit the stockholder who is in control. There is no deadlock on the board or in the operation of the business. This distinguishes Petition of Collins-Doan Co., 3 N.J. 382, 70 A.2d 159, 13 A.L.R.2d 1250, relied upon by plaintiffs.
Certainly, the fact that Henry is unwilling to give plaintiffs representation on the board of directors is not a compelling reason for appointing a receiver. Often such an appointment only results in prejudice to the smooth operation of the corporation.
I therefore conclude that plaintiffs' evidence is not sufficiently strong to move this court to exercise its discretion in the favor of the appointment of either type of receiver contemplated by the statute, if Henry and the corporation are willing to accept the following two conditions:
1. That the corporation at the earliest convenient date cause new certificates to be issued to the plaintiffs, if they apply therefor.
*275 2. That the plaintiffs, so long as they are shareholders, be given copies of the company's annual audited report of its financial affairs.
Unless defendant corporation desires to take further evidence as a basis for a request that the court reconsider whether the two conditions should be imposed, I conclude that upon the corporation's signifying acceptance in writing of the two conditions, its motion to dismiss will be granted.
Present order on notice.