In the Matter of GEORGIA PANELING SUPPLY, INC., Bankrupt.

INTERNATIONAL PAPER COMPANY, Hampton Lumber Sales Company, White Lumber Sales, Inc., Quinault Pacific Corporation, and Gold Rey Forest Products, Inc., Petitioners,

v.

John C. PENNINGTON, Trustee and Aetna Business Credit, Inc., Respondents.

No. 78–8283.

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1978.

Winford Kent Bishop, Atlanta, Ga., for petitioners.

Douglas L. Cronkright, C. Edward Dobbs, Atlanta, Ga., for respondents.

John C. Pennington, pro se.

Before GODBOLD, RONEY and RUBIN, Circuit Judges.

BY THE COURT:

Alleging the discovery of new evidence which could not by due diligence have been discovered in time to move for a new trial, petitioners sought relief in the bankruptcy court under Fed.R.Civ.P. 60(b)(2). Upon denial of their motion, they appealed to the district court which affirmed. They now petition this Court for leave to appeal. F.R.A.P. 6; 11 U.S.C.A. § 47. Finding no claim which would warrant the exercise of our discretion to allow an appeal, we deny the petition.

■ Action upon a motion for leave to appeal under Rule 6 is entrusted to the Court's sound discretion. *In re Hawkins Mortgage Co.*, 66 F.2d 16 (7th Cir. 1933), *cert. denied sub nom., Harter v. Wallace*, 291 U.S. 659, 54 S.Ct. 376, 78 L.Ed. 1051 (1934). Where, for example, the question presented is not of sufficient importance, leave to appeal has been refused. *New York Credit Men's Adjustment Bureau, Inc. v. David Strauss & Co.*, 296 F.2d 702 (2d Cir. 1961).

■ In the instant case, we find neither procedural nor substantive basis for further review. A determination on Fed.R.Civ.P. 60(b) will not be disturbed absent clear abuse of discretion. *Pagan v. American Airlines, Inc.*, 534 F.2d 990 (1st Cir. 1976); *Martin v. H.M.B. Construction Co.*, 279 F.2d 495 (5th Cir. 1960); *Darlington v. Studebaker-Packard Corp.*, 261 F.2d 903 (7th Cir.), *cert. denied*, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959). This standard, stringent upon an initial review, can only be more difficult to meet where a second review is sought. It has not been met here.

■ Petitioners rest their claim of abuse upon what they view as the compelling merits of the case, thereby seeking to obtain a review of the merits on this motion. Upon review, a judgment of the district court affirming the bankruptcy court's determination based on findings of fact will not be disturbed unless the findings are clearly erroneous. *Sears, Roebuck & Co. v. Boydston*, 520 F.2d 1098, 1100 (5th Cir. 1975); *Porterfield v. Gerstel*, 249 F.2d 634 (5th Cir. 1957). Such findings are presumptively correct in a situation such as is here presented, where the lower court considers conflicting evidence.

■ Petitioners have not demonstrated that there is clear error in the bankruptcy

judge's approval of the trustee's settlement of the suit against Aetna Business Credit, Inc. The charges of collusion between the bankruptcy judge, the trustee, and the lawyer for Aetna are conclusional. Moreover, petitioners have failed to file an affidavit stating the facts and reasons for the belief that bias or prejudice exists and a certificate of counsel showing good faith as required by 28 U.S.C.A. § 144. Neither have petitioners shown that there exists the requisite extrajudicial basis of prejudice and bias under 28 U.S.C.A. § 455. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). The occurrence of *ex parte* conferences between the bankruptcy judge, the trustee, and Aetna's lawyer alone do not demonstrate collusion. *Martelli v. City of Sonoma*, 359 F.Supp. 397 (N.D.Cal.1973).

In sum, where there is no compelling reason for further review and no showing of likelihood of success in such an eventuality, we decline to exercise our discretion to grant review. Accordingly, the motion for leave to appeal is denied.