STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-138
DHM - KEN - 1/27/ 2000

JOHN H. SHOSTAK, JR.,
*et al.*,

        Plaintiffs

        v.                                      DECISION AND ORDER

SHOSTAK CONSTRUCTION
CORP., *et al.*,

        Defendants

This matter is before the court on plaintiffs' motion for appointment of a receiver and plaintiffs' motion to compel compliance with subpoena.

This is a shareholders derivative suit brought by the minority shareholders, children of the founder of Shostak Construction Corp., John Shostak, Sr., against the corporation and two other children of the founder, Craig Shostak and Jeffrey Shostak. All shares of stock in the corporation are owned by the children of John Shostak, Sr. Defendant Jeffrey Shostak owns the majority of the voting stock in the corporation. Disagreement has existed for some time between plaintiffs and Jeffrey and Diane Shostak. Specifically, plaintiffs accuses Jeffrey Shostak of mismanagement of funds (including refusal to pay dividends, and holding corporate assets in largely cash or cash equivalent passive investments, and producing net operating losses), and self-dealing. It is essentially on these grounds that the plaintiffs have moved for an appointment of receiver *pendente lite* pending a determination by the court of dissolution of incorporation.

Plaintiffs' arguments in support of the appointment of receiver appear to be more appropriate toward dissolution than whether a receiver is necessary. Plaintiffs argue that Jeffrey has operated the corporation at a loss for some years over the objections of the plaintiffs as shareholders. The plaintiffs also argue that Jeffrey and Diane Shostak are enriching themselves at the expense of the corporation by paying themselves "substantial salaries" and engaging in improper self-dealing. Plaintiffs also argue that Jeffrey has mismanaged corporate assets by investing in cash or cash equivalent passive investments. These cash assets, plaintiffs argue, could have as easily been distributed to its shareholders in the form of dividends.

Defendants argue that such disagreement over decisions of management is not sufficient to appoint a receiver. "Mere differences of opinion between minority and majority stockholders as to the desirability for the corporation to continue business, or the manner in which it is being conducted, will not constitute a legitimate ground for the appointment of a receiver." *Kramados v. Kramados*, 1997 WL 2565, Del. Ch. (1977) (*citing Banks v. Cristina Copper Mines*, Del. Ch., 99 A.2d 504 (1953)[1] The decision by Jeffrey to not pay dividends and to invest in corporate assets heavily in the bond market is insufficient to demonstrate a need for a receiver.[2]

---

[1] There is a dearth of case law in Maine addressing the appointment of a receiver in the present context. Delaware is the most sophisticated jurisdiction on matters involving corporate law.

[2] The plaintiffs argue that while the corporation is losing money, Jeffrey should have been paying out dividends. The allegation of mismanagement resulting in net operating losses militates against a simultaneous allegation that Jeffrey is enriching himself by not paying dividends. In addition, plaintiffs characterize Diane and Jeffrey's salaries as "substantial." While the relevance of such salaries may be in dispute, the allegation at oral argument of the amounts of the salaries would not appear to be "substantial."

2

Decisions not to pay dividends are generally given deference by the courts. *Rosenthal v. Rosenthal,* 543 A.2d 348, 353-54 (Me. 1988).

In addition, the business judgment rule applies with equal force here. Absent a showing by the plaintiffs that Jeffrey's conduct was motivated primarily by fraud or bad faith, this court hesitates to disturb the business decisions which Jeffrey's corporate office authorizes him to make. *Id.* Likewise, the court should be reluctant to appoint a receiver when the plaintiffs have demonstrated little more than disagreement over Jeffrey's management of corporate assets.

There might be some colorable basis upon which the court might appoint a receiver if there were some *prima facie* factual evidence that Jeffrey has used corporate assets for his own personal advantage. The plaintiffs have not supported this allegation with any factual evidence. In addition, the defendants provide historical data to suggest that the corporation has, in the past, made equipment available to its key employees and that, in fact, plaintiffs have taken advantage of such benefits when they were associated with the corporation.

Plaintiffs further argue that the corporation was not vigilant in collecting on demand notes that it held. Inasmuch as these notes have now been collected, the issue appears to be moot. There appears to be no other demonstration of a likelihood that Jeffrey will not preserve corporate assets during the litigation.

Finally, the standard for most courts to appoint a receiver is that there must be a showing by the plaintiff of fraud, gross mismanagement, or extreme circumstances causing imminent danger of great loss that cannot otherwise be

3

prevented. *Simms v. Exeter Architectural Prods., Inc.*, 868 F. Supp. 668, 672 (M.D. Pa. 1994). Plaintiffs have failed to make this showing.

Plaintiffs also seek an order to compel compliance with subpoenas for certain income tax returns. They seek to examine the returns not only of the defendant Jeffrey Shostak, president of Shostak Construction Corp., but also their sister, Diane Shostak, assistant treasurer of Shostak Construction Corp. and their mother, Clara Shostak. Neither Diane Shostak nor Clara Shostak are a party in this case and Clara Shostak is not a shareholder or employee of the corporation. Plaintiffs argue that there are issues of rebates from suppliers and individual accounting bills which may appear on the schedules of the named subjects of subpoenas indicating a waste of assets or interception of income attributable to the corporation. To the extent the individual income tax returns of Mr. Jeffrey Shostak, president of the corporation, may have relevant information, the court will grant plaintiffs' motion subject to an appropriate order of protection including review of schedules by the court *in camera*. If review is to be made by a tax specialist/accountant, the protective order must provide confidentiality. Such protective order is to be drafted by the defendants.

Diane Shostak and Clara Shostak are not parties to this litigation. There is no evidence that counsel for defendant corporation represents Diane Shostak and Clara Shostak. Therefore, the vehicle for challenging the subpoena is a motion to quash to be brought on their behalf since this court has no jurisdiction over them for that purpose.

4

For all the reasons above, the entry will be:

Plaintiffs' motion for appointment of receiver *pendente lite* is DENIED; plaintiffs' motion to compel compliance with subpoena as against Jeffrey Shostak is GRANTED subject to an appropriate protective order; no action is taken on the motion to compel as it relates to Diane Shostak and Clara Shostak; motions to quash must be brought within 10 days of the date of this order.

Dated: November 24, 2000

Donald H. Marden
Justice, Superior Court

5

Date Filed __6/29/99__ __Kennebec__ Docket No. __CV99-138__

County

Action __Shareholders' Derivative Action__

# J. MARDEN

DEC 11 2000

John H. Shostak Jr., & Craig Shostak  vs. Shostak Construction Corp. & Jeffrey Shostak

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Nicholas Bull, Esq.<br>F. Jay Meyer, esq.<br>12.0 Exchange St., P.O. Box 447<br>Portland, Maine 04112-0447 | ~~David A. Soley, Esq.~~<br>~~Eric P. Sanderson, Esq.~~<br>~~Bernstein Shur Sawyer & Nelson~~<br>~~PO Box 9729~~<br>~~Portland, Maine 04104-5029~~<br>Stephen E F Langsdorf Esq. (10/27/99)<br>Roy T Pierce Esq<br>PO Box 1058<br>Augusta  Me  04332    (6/27/00 Amended<br>Complaint) |

| Date of Entry | |
|---|---|
| 6/29/99 | Complaint and verified Complaint for Derivative Action Pursuant to Rule 23A of M.R.Civ.P., filed. s/Bull, Esq.  s/Meyer, Esq. (attached Exh. A&B)<br>Case File Notice mailed to atty. |
| 7/16/99 | Answer and counterclaim filed.  s/Soley,Esq. |
| 7/20/99 | Original summons with return service on Jeffrey Shostak on 6/30/99 filed.<br>Original summons with return service on Shostak Construction Corp. on 6/30/99 filed.   s/Bull,Esq. |
| 7/26/99 | Plaintiffs reply to counterclaim of defendants filed.  s/Bull,Esq. |
| 8/18/99 | Scheduling Order filed. s/Studstrup, J.<br>Discovery deadline is April 18, 2000.<br>Copies mailed to attys of record. |
| 8/23/99 | Amendment to Plaintiffs' Reply to Counterclaim of Defendants, filed.<br>s/Bull, Esq.  (attached exhibits A,B) |
| 9/2/99 | Notification of Discovery Service, filed. s/Bull, Esq.<br>Notice of Deposition of Jeffrey Shostak and Notice of Deposition of Clara Shostak served on David A. Soley, Esq. on 9/1/99 |
| 9/13/99 | Notification of Discovery Service, filed. s/Soley, Esq.<br>Objection to Document Request Incorporated Within Depposition Notices for Defendant Jeffrey Shostak and Diane Shostak served on 9/10/99 |
| 9/28/99 | Defendants motion to withdraw counsel and to stay discovery for 30 days filed.  s/Soley,Esq.<br>Proposed order filed. |
| 9/29/99 | ORDER, Studstrup, J.<br>All discovery shall be stayed for 30 days so that Defendants shall have an opportunity to retain substitute counsel.<br>Copies mailed to attys of record. |
| 10/27/99 | Entry of appearance filed.  s/Langsdorf,Esq. |