BELMONT NAIL CO. *v.* COLUMBIA IRON & STEEL CO.

*(Circuit Court, W. D. Pennsylvania. May 7, 1891.)*

1. CREDITORS' BILL—JOINDER OF COMPLAINANTS.
    Where a creditor files a bill for himself and such other creditors as may join as complaints, any other creditor of the defendant should be permitted, on petition, to join in the suit as co-complainant.
2. SAME—EQUITY PRACTICE—DISMISSAL.
    After a receiver has been appointed in such suit, and other creditors have joined as co-complainants, the original complainant cannot dismiss the suit without their consent.
3. SAME—JURISDICTION OF FEDERAL COURT.
    The fact that such co-complainants were citizens of the same state as the defendant will not deprive the circuit courts of jurisdiction where the defendant and the original complainant are citizens of different states.

In Equity. Motion to dismiss bill.

*P. C. Knox,* for complainant, and the motion.

*A. M. Imbrie,* for Huckenstein.

*Geo. Shiras, Jr.,* for Totten & Hogg Iron & Steel Foundry Company, opposed.

Before ACHESON, C. J., and REED, J.

REED, J. The receiver was appointed April 9, 1891, upon the motion of the plaintiff, who had filed the bill for itself and such others of the creditors of the defendant company who might join as plaintiffs. The second prayer of the bill is that the property of the defendant be decreed to be a trust fund for the benefit of all its creditors; that an account be taken of all the debts of the defendant and the assets of the corporation; that the assets be applied in payment of the indebtedness of the defendant in proportion to the whole thereof; that the defendant be enjoined from disposing of its assets; that a receiver may be appointed to take the trust fund, and distribute it among the several creditors who shall come in and prove their claims under the decree to be obtained, with power to hold, operate, and sell the said property of the defendant under the decree of the court. On April 14, 1891, John Huckenstein, claiming to be a creditor of the defendant, presented his petition, praying to be permitted to become a party to the proceedings, and joined as a plaintiff. To this petition an answer was filed by the defendant, in which he is admitted to be a creditor, but not to the amount claimed by him. Pending a decision on his petition, the plaintiff, on May 1, 1891, made a motion for leave to dismiss his bill, to which defendant's counsel consents, but which is opposed by Mr. Huckenstein. Subsequent to that motion, but prior to its argument, the Totten & Hogg Iron

& Steel Foundry Company presented a petition, alleging that they are creditors of the defendant, and asking to be joined as plaintiffs. To this no answer has been filed. This creditor also opposed the dismissal of the bill. Both John Huckenstein and the foundry company should be permitted to join as plaintiffs. The bill having been filed as a bill for the benefit of creditors generally, the relief demanded being for the benefit of all, any creditor has a right to become a party plaintiff upon application to the court. Fost. Fed. Pr. pp. 88, 290; *Forbes* v. *Railroad Co.*, 2 Woods, 334; *Campbell* v. *Railroad Co.*, 1 Woods, 368. The question then remains whether the original plaintiff can move for and obtain leave to dismiss the bill, the defendant consenting, but the other creditors, who have asked leave to join, objecting. The rights of John Huckenstein should date back to the filing of his petition, which was before the motion to dismiss was made by the original plaintiff, and therefore, as co-plaintiff, his consent is requisite before dismissal of the bill solely upon the ground of consent of parties. But it is doubtful whether the original plaintiff could dismiss the bill, after the appointment of the receiver, without the consent of the other creditors. "After a decree has been made of such a kind that other persons besides the parties on the record are interested in the prosecution of it, neither the plaintiff, nor defendant, on the consent of the other, can obtain an order for the dismissal of the bill. Thus, where a plaintiff sues on behalf of himself and all other persons of the same class, although he acts on his own mere motion, and retains the absolute dominion of the suit until the decree, and may dismiss the bill at his pleasure, yet after a decree he cannot by his conduct deprive others of the same class of the benefit of a decree, if they think fit to prosecute it." 1 Daniell, Ch. Pr. 794. "After decree made establishing right of legatees to recover on a bill filed by one of several legatees, the complainant cannot after such decree dismiss his bill to the prejudice of the other legatees." *Collins* v. *Taylor's Ex'rs*, 4 N. J. Eq. 163. A bill filed by one creditor, for the benefit of himself and others, for the appointment of a receiver of an insolvent bank is substantially a proceeding in behalf of all the creditors, and the suit being once instituted as a statute remedy for all, the plaintiff has no power to discontinue the bill. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480. Where an individual creditor had filed his bill against a moneyed corporation, obtained an injunction and appointment of a receiver, and the receiver had taken upon himself the trust, and other creditors had filed their claims, it was held that the creditor who had filed his bill, obtained the injunction and the appointment of a receiver, was not entitled, as a matter of right, upon being paid his demand, to dissolve the injunction, dismiss his bill, and discharge the receiver. *Fay* v. *Bank*, Har. (Mich.) 194. The appointment of the receiver in this case was, in pursuance of the prayer of the bill, for the benefit of all the creditors, and was the first step towards an administration of the assets of the defendant corporation in the interest of all its creditors. No reason had been given, or change of circumstances from those existing at the time of the appointment of the receiver shown, in support of the motion, except

that in some way the defendant corporation has satisfied the claim of the plaintiff. The court doubtless has the power, upon proper cause shown, and upon being satisfied that the interests of all parties, including all the creditors, would be advanced by the dismissal of the bill, to permit its dismissal, even against the objection of one or more of the creditors; but no such cause has been shown. *Fay* v. *Bank, supra.*

It was suggested on argument that the possible effect of the joinder of Mr. Huckenstein and the foundry company as plaintiffs would be to oust the jurisdiction of the court, as they were citizens of Pennsylvania, the defendant being a corporation of Pennsylvania. That such would not be the effect was ruled in *Stewart* v. *Dunham,* 115 U. S. 61, 5 Sup. Ct. Rep. 1163, where it was held that, when a creditors' bill is properly removed from a state court to a circuit court of the United States on the ground that the controversy is wholly between citizens of different states, the jurisdiction of the latter court is not ousted by admitting in the circuit court as co-plaintiffs other creditors who are citizens of the same state as the defendant.