DEANE *v.* KENT CIRCUIT JUDGE.

CREDITORS' BILL — INTERVENING CREDITORS — RIGHTS — STIPULATIONS—EFFECT.

 On a judgment creditors' bill against a corporation and its stockholders, a receiver having been appointed, intervening creditors, who, by order of the court, have appeared and presented their claims, have such an interest in the litigation as to preclude the complainant, as a matter of right, from discontinuing the suit without leave of the court; and where, before the hearing upon the merits, solicitors for complainant and for certain defendants stipulated that the proceedings should be discontinued without costs to any party, the court, on motion of intervening creditors, properly ordered the stipulation to be stricken from the files.

Mandamus by Edward M. Deane and others to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order striking a stipulation for a discontinuance. Sub-

mitted February 9, 1909.  (Calendar No. 23,214.)  Writ denied March 3, 1909.

*Heald & Montgomery, Smedley & Corwin,* and *G. A. Wolf,* for relators.

*George C. Brown,* for respondent.

The judgment creditor of a corporation in whose favor an execution had issued and had been returned unsatisfied filed its bill of complaint against the judgment debtor and certain of its stockholders in favor of itself and of such other creditors as should make themselves parties to the proceeding, praying for an injunction, receiver, and sequestration and distribution of the judgment debtor's property.  It was charged in the bill that the defendant stockholders were liable to assessments to be made upon their holdings of stock.  An injunction was granted and a receiver appointed, who has received and holds assets of the judgment debtor.  The bill was confessed by the judgment debtor, and was answered by some of the stockholders.  Upon the motion of the complainant, an order was made requiring creditors of the judgment debtor to exhibit their demands and a number of creditors have filed claims.  Before a hearing upon the merits, a stipulation was made by the solicitors for complainant and the solicitors for relators and for one other defendant, reciting that the bill had been taken as confessed by the judgment debtor and that service of process had not been made upon two defendants, and that "it is hereby stipulated by all of the other parties in interest  *  *  *  that the same may be and hereby is discontinued without costs to any party."  No order discontinuing was entered and no application for leave to discontinue was made to the court.  Complainant denies that its solicitors had, in fact, its consent or authority to discontinue the case.  Upon the application of creditors who had exhibited claims, and with the concurrence of complainant, after hearing inter-

ested parties, the court ordered the stipulation to be stricken from the files and held the case to be a pending one. Motion to vacate the order was denied. Mandamus is asked for to compel the setting aside of this order.

OSTRANDER, J. (*after stating the facts*). Upon this application this court will not consider the merits of the principal case, and there is involved no question concerning the authority of attorneys and solicitors generally to bind their clients, parties to an action, by stipulation entered into in good faith. Whether or not, complainant refusing, other creditors who have exhibited demands may assume the control and direction of the litigation, such creditors have at least acquired an interest in the proceeding which the court is bound to consider upon any application for leave to discontinue the suit. And this was held in a similar case where it appeared that the complainant, after procuring an injunction and the appointment of a receiver, had been satisfied. *Fay* v. *Erie & Kalamazoo Railroad Bank*, Har. (Mich.) 194. See, also, *Hoffman* v. *Bank of Minot*, 4 N. Dak. 473; *Belmont Nail Co.* v. *Columbia Iron & Steel Co.*, 46 Fed. 336; and 3 Comp. Laws, §§ 9760, 9761. Upon the authority of *Fay* v. *Erie & Kalamazoo Railroad Bank*, the right of the complainant to discontinue its suit without leave of the court is denied. It appears to be contended by relators that, inasmuch as the defendant corporation is not a party to the stipulation, an order made pursuant to the stipulation would have the effect of discontinuing the suit as to relators, leaving it to stand as one pending between the complainant and the judgment debtor. But it is apparent that the purpose of the stipulation was to settle the question of costs, and it is not contended that the right of complainant to discontinue the suit grows out of the stipulation.

As the only effect claimed for the stipulation is that it entitles relators as matter of law to a discontinuance of the suit as to them, and as we are of opinion that com-

plainant may not as matter of right discontinue the suit, it follows that relators are not injured by the order striking the stipulation from the files.

The writ of mandamus is denied, with costs to petitioners in the court below.

HOOKER, MOORE, BROOKE, and MCALVAY, JJ., concurred.