JOSEPH KELLER and EDNA RIVES, on behalf of themselves and all other stockholders of defendant, Wilson & Co., Inc., similarly situated,

*vs.*

WILSON & CO., INC.

In the matter of the Petition of DANIEL S. FRANK for leave to intervene as party complainant.

*New Castle, August 4, 1937.*

*Charles L. Terry, Jr.,* of the firm of Terry & Terry, and *Abraham L. Pomerantz* and *Abram Marcus,* both of New York City, for petitioner.

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* for defendant.

THE CHANCELLOR: The nature of the cause of action alleged by the complainants is fully stated in the reports of the opinions heretofore delivered by the Supreme Court and by this court, reference to which is made in the above preliminary statement. In brief the bill was one to secure a declaration that an amendment to the defendant's certificate of incorporation by which its class A stock, with its right to receive accumulated dividends already accrued thereon, was automatically converted into common stock on the basis of five shares of common for one of class A, was invalid in so far as it purported to have a retroactive effect; and to secure a decree that the complainants as holders of class A stock were entitled to be paid the dividends accumulated thereon before any dividends were paid on the common stock.

The bill in its caption and in one paragraph of its body

shows that it was filed by the complainants in behalf of themselves and all stockholders of the defendant similarly situated. The prayers of the bill ignored, however, all stockholders other than the complainants, and sought the relief in behalf of the complainants alone.

The petitioner contends that the bill is a so-called class bill and that being such any person belonging to the class is entitled to be made a party thereto at any time before dismissal. The defendant contends that the only places in the bill where any justification may be found for considering the suit as a class suit are in the caption (which it contends is no part of the bill proper) and in the body of the bill where at the outset the complainants say that they sue not only for themselves but as well for all other stockholders of the defendant who are similarly situated, and at one or two other places where reference is made in a rather casual way to other persons who are stockholders that are similarly situated with the complainants.

These allegations, says the defendant, are not sufficient to stamp the suit with the character of a class suit. It is to the prayers of the bill, the defendant insists, that we should look to ascertain the nature and character of a suit.

Where there are numerous persons having causes of action against the same defendant which are based on a ground of relief which is common to them all, a situation exists where equity as a general rule conceives it to be in the interest of both economy in litigation and of repose to controversies, to permit one of the number to file a bill in behalf of himself and all others similarly situated with him. This method of procedure is but a branch of the jurisdiction that falls under the general head of multiplicity of suits.

A creditor's bill falls under the description of class bills, and is more nearly analogous to the type of the bill

*sub judice* than any other that comes to mind. But a creditor's bill need not necessarily be filed in behalf of a class. It may be filed by a creditor either to secure satisfaction that is individual to him alone or to secure satisfaction as well to all other creditors who care to come in and participate in the benefits and burdens of the cause. 1 *Daniel, Chancery Pleading and Practice*, (4th Am. Ed.) 235.

So in the instant case the complainants were at liberty to file their bill seeking relief solely personal to themselves, or relief in addition for all others in like class who might care to join their company.

In so far as my examination discloses, a creditor's bill which purports to be filed in behalf of all creditors, should contain a prayer to the effect that not only should the debt of the complainant be paid but that also the debts of all other creditors who might come in and prove their claims, should likewise be paid.

The bill in the instant case, contains no prayer similar to that in character. It started out to be sure as though it was in behalf of a class. It wound up, however, in the character of a suit seeking relief for the complainants only.

If the disposition of the pending petition were to turn solely on whether the bill was filed in a class or individual right, I should have to look at the prayers for an answer to the question. Looking at the prayers, the answer would be that the complainants had sued in behalf of themselves alone and that the petitioner therefore is seeking to engraft his own personal problems on litigation which seeks no remedy in his behalf.

A suit that presented the individual claims of two persons alone was the suit with which the defendant was faced. It was that suit which it settled. It was the complainants in that suit with whom the defendant had to deal and it does not seem right that before the defendant can

get rid of that suit, it should be required to carry on controversies with other people.

But assuming that the bill, notwithstanding the very definite nature of the prayers, is a class bill, does it follow that the complainants therein cannot direct its dismissal over the objections of the petitioner, a person in like class with them?

It is thoroughly settled that a creditor who files a bill in behalf of himself and all other creditors remains in control of the suit until decree. It was said in *Pemberton v. Popham*, 1 *Beav*. 316, which was a creditor's bill, that "until decree the other creditors had no interest in the suit." The complainant may dismiss such a bill at any time so long as his position of *dominus litis* continues. 1 *Daniel, Chancery Pleading and Practice*, (*4th Am. Ed.*) 235, 236. The authorities upon this point are fully stated and ably reviewed in *Hirshfield v. Fitzgerald*, 157 *N. Y.* 166, 51 *N. E.* 997, 46 *L. R. A.* 839.

Absent, then, the petition of Frank for leave to intervene, there can be no question of the right of the complainants to cause their bill to be dismissed.

Does the filing of Frank's petition take away that right? This question will be answered on the assumption that the suit is a class suit. The petitioner's right should be determined as of the date the petition was filed. *Belmont Nail Co. v. Columbia Iron & Steel Co.*, (*C. C.*) 46 *F.* 336. So viewing it, the petitioner's right, if any, antedated by a very brief interval the motion to dismiss. The petitioner, however, was aware of the settlement that was made which contained the stipulation for a dismissal, and filed his motion with full knowledge thereof.

Now the petitioner was aware almost from the commencement of this litigation of its pendency. He took no steps to intervene in the cause and thereby share the bur-

den and expense of its prosecution. The complainants carried it through this court and on up to the Supreme Court. When it was returned to this court and an answer put it in shape for final hearing, the defendant concluded to make its peace with the complainants. The complainants were willing to settle the controversy, did so on terms satisfactory to themselves and stipulated for a dismissal. When the case had reached this late stage, the petitioner came forward and by his attempted intervention seeks to deprive the defendant of the result for which it paid in the settlement.

This does not seem to me to be just. It is the policy of the law to encourage and favor settlements. If the last minute assertion, not of a right, but of a privilege known for as long as two years to exist, can be permitted to intervene to arrest the results of peaceful settlements, it would seem that parties in such cases as this could never negotiate a composition of their differences with any assurance that the terms of settlement could be carried out.

The defendant bargained in its settlement for a dismissal of this particular suit, and I am of the opinion that the petitioner should not be permitted, upon learning of the settlement, to interject himself between the defendant and the full enjoyment of the settlement's stipulated results.

If the case had reached the stage which was reached in *Belmont Nail Co. v. Columbia Iron & Steel Co., supra,* and the nature of the case were comparable to that one, the result might well be different.

Granting of a right to intervene lies in the sound discretion of the court, except where the right is absolute. 21 *C. J.* 343, § 340 (3). The application should be seasonably made and in due time. 20 *R. C. L., p.* 689, § 28. Not only does the petitioner's long delay in presenting his application make an unfavorable appeal to the court's discretion, but there are other circumstances too which do so. I refer

to certain facts which give to the petitioner's situation an aspect very peculiar to himself and one which clearly differentiates his case from that of the complainants. The only thing which his case has in common with the complainants' is the general legal proposition which the complainants succeeded in establishing in the Supreme Court in favor of class A stockholders. The complainants, in whose favor that proposition was established, were class A stockholders who not only had not assented to the re-classification, but who had also done nothing after the event which could be laid hold of as indicating assent, waiver or estoppel against them. Now it is contended by the defendant that the petitioner has done things since the re-classification was effected which indicate assent or waiver on his part or raise an estoppel against him. I abstain from stating the facts on which this contention is based. It is sufficient to say that the contention is too serious to be summarily dismissed.

The issues which the petitioner's case will raise involve problems that were not involved in the complainant's case. They are so peculiar to the petitioner's case that, in my judgment, he ought to litigate them in a suit of his own, if he desires to press them. I am of the opinion that in order to raise those issues he should not be permitted to compel the defendant to forego the right to have the present suit dismissed, a right which it was competent for the complainants to exercise and which therefore they were at liberty to use as a bargaining point in their settlement.

Leave to the petitioner will be denied. The bill will be dismissed. Denial of the petition and dismissal of the bill will be without prejudice to the petitioner's right to proceed by bill in his own behalf.

Decree accordingly.