CONSOLIDATED FILM INDUSTRIES, INC., a corporation of the State of Delaware,

Defendant Below, Appellant.

*vs.*

NORMAN JOHNSON,

Complainant Below, Appellee.

*Supreme Court, On Appeal, Dec. 17, 1937.*

LAYTON, C. J., and HARRINGTON, RICHARDS, RODNEY, and SPEAKMAN, *JJ.*, sitting.

*Hugh M. Morris* and *Alexander Nichols,* (Meyer H. Lavenstein, of New York City, of counsel), for appellant.

*Howard Duane,* for appellee.

LAYTON, C. J., delivering the opinion of the court:

The dispute between the parties, as it is presented, grows out of that part of the proposed amendment to the certificate of incorporation of the appellant which, in the reclassification of the capital stock, seeks to cancel · dividends accrued through passage of time on the cumulative preferred shares.

The question is whether the appellant corporation, under *Section* 26 of the *General Corporation Law, Rev. Code* 1915, § 1940, as amended by *Section* 10, *c.* 85, *Vol.* 35, *Del. Laws,* approved March 2, 1927, had the power to capitalize, alter or extinguish, as an incident to the proposed reclassification of its capital stock, the right of its preferred shareholders to receive accumulated dividends accrued on the preferred shares through passage of time, but not declared and paid.

The appellant insists that the right of the appellee, as a holder of preferred shares of the corporation, is not to be viewed as a vested right, but as an expectant or contingent right, for two reasons: first, for that *Section* 26, as it

stood when the corporation was organized, conferred upon it the power to change by amendment of its certificate of incorporation, the "relative, participating, optional, or other special rights of the shares," a power which did not exist when the corporation in *Keller v. Wilson & Co., Inc.,* 21 *Del. Ch.* 391, 190 *A.* 115, 125, was organized; and, second, for that the rights and powers of stockholders are, by an express provision of the charter, made subject to the reserved power of the corporation to amend, alter, change or repeal any provision therein contained.

The appellee relies on the *Keller Case,* and the Chancellor based his decision on that authority. *Johnson v. Consolidated Film Industries, ante p.* 262, 194 *A.* 844. The appellant maintains that the cases are distinguishable.

In the *Keller Case,* the corporation was organized, and the complainant had acquired his preferred stock at a time when *Section* 26 of the *General Corporation Law* gave no power to a corporation to accomplish by way of an amendment of its certificate of incorporation, a reclassification of its capital stock by changing "the relative, participating, optional, or other special rights of the shares." Thereafter, the section was amended conferring the power, and the corporation, by an appropriate amendment, sought to cancel accumulated dividends on preferred shares accrued through time.

Apart from the constitutional aspect, one of the questions there propounded was whether the statute should be construed to operate retrospectively; and in answer, we said:

"*Section* 26 of the *General Corporation Law* is the section authorizing amendments of corporate charters. It authorizes nothing more than it purports to authorize, the amendment of charters. The cancellation of cumulative dividends already accrued through passage of time is not an amendment of a charter. It is the destruction of a right in the nature of a debt, a matter not within the purview of the section. The cancellation of the right to such dividends is foreign to the design and purpose of the section. The effect of the charter amendment, in so far as it concerns the status of the shares and the rights of the owners, speaking from the time of its accomplishment, is not denied by the complainants; but there is nothing in the language

of the section, as amended, which compels a retrospective operation. The rights of cumulative preferred shareholders to the stipulated dividends accrue to them by virtue of the contract. That right exists and persists. When the necessary corporate action, under the amended statute conferring the power is taken, the status of the shares may be changed, and the right thereafter to claim the dividends as originally stipulated may be cancelled, but the amended statute under the general rule of construction, ought not to have a retroactive effect."

And, further, we said:

"The dividends accumulated in accordance with the provisions of the charter under which the stock was issued. The amendment of 1927 granted a power only. It might never have been exercised."

It is urged by the appellant that the instant case is clearly distinguishable from the *Keller Case* in that the corporation here was organized after the amendment of 1927, wherefore the right of the appellee, as a holder of cumulative preferred stock to dividends thereon accrued through time, was expectant or contingent, and therefore subject to abrogation by the power granted by the amendment.

We have examined carefully the able and ingenious argument of appellant's counsel, and have reviewed the *Keller Case* and the language there used with respect to the amendment of *Section 26*, to ascertain whether, in principle, the position of the appellee differs from that of the protesting shareholder in the *Keller Case* up to the time of the exercise of the authorized power by the corporation.

The question involves the nature and quality of the contractual right of the shareholders, preferred and common, *inter sese*. In the *Keller Case* we were in agreement with the fundamental philosophy of the decision of this court in *Penington v. Commonwealth Hotel Construction Corporation*, 17 *Del. Ch.* 394, 155 *A.* 514, 75 *A. L. R.* 1136, where the sanctity of the contractual right of holders of cumulative preferred stock to dividends accrued thereon through time was clearly recognized. There it was said that it is well understood that the prospect for profit of the two classes of stock differ, and that the balance of profit, in the hope of which the company is formed, over and above that which must be distributed among preferred sharehold-

ers, will be paid to the holders of the common stock. The stockholders agree that the preferred dividends shall be cumulative, and that no payment of dividends shall be made on the common stock unless and until all arrearages or deficiency of dividends on the preferred stock have been paid; and, in the *Keller Case,* we said, in elaboration of the thought, that it might reasonably be supposed that one who invests his money in cumulative preferred stock relies largely upon the right to receive the stipulated dividends at some time; that, speaking generally, the investor seeks certainty as against a speculative rise in price; that the right to such dividends gives value to the stock easily recognizable even during period when preferred dividends are not paid; and that, as the right to such dividends is an inducement to buy, so, oftentimes, it is an inducement to retain. It may be said also that the investor in common stock has before him the possibility of a rise in price as well as of dividends. Presumably he weighs the advantages of security with a rather constant price level against the advantage of possible large gains resulting from increase in price of the common shares, and he buys the common shares with knowledge of his contractual relation with the preferred shareholder and the latter's superior position with respect to distribution of earnings.

In ascertaining their contractual rights the shareholders look to the charter and the law. In the *Keller Case,* at the time of the organization of the corporation and the acquirement of the preferred shares thereof by the complainant, the law did not permit the abrogation of dividends on cumulative preferred shares accrued through passage of time, and we held that the amendment of 1927 conferred only a power which, when exercised, enabled a corporation to change the status of shares and rights of owners thereof speaking from the time of the accomplishment of the appropriate corporate action, but that the language of the amendment did not point to retrospective operation.

In the instant case, the complainant, looking to the law to ascertain his contractual right, was informed that, by appropriate corporate action, the status of the preferred shares and the relative, participating or other special rights incident thereto, might be changed. He was bound to know that the language of the amendment of 1927 was broad enough to permit the corporation to change the character of the stock in which he was willing to invest his money, into a stock of another kind in which, perhaps, he would not invest, and he assumed the risk of the exercise of the power of amendment by the corporation. But, the statute informed him that the corporation was granted a power only. He was not informed that the exercise of the power not only would change the character of his stock and the rights incident thereto in the future, but also, by retrospection, would cancel his fixed, contractual right to dividends accrued through time, and which, as against common shareholders, he was entitled by virtue of his contract to have paid before distribution of earnings among them. He, therefore, was justified in the belief that he would be protected in his right to cumulative dividends accrued through time up to the time when, by corporate action, the status of his shares should be changed.

The case is precisely similar to the *Keller Case* except that the corporation was created since the amendment of 1927. It may be said that it has a stronger right to claim the full measure of the power granted by that amendment, but we are unable to discover a difference in principle between the two cases. In either case, as concerns the amendment of 1927, the owner of cumulative preferred shares, was entitled to rely on his contractual right which, as against common shareholders, entitled him to receive at some time the dividends accrued thereon through time until the accomplishment of the reclassification of the shares and the change of their status by the necessary corporate action under the power granted. To that time the right

ought to be regarded as a fixed, contractual right, not to be diminished or cancelled against his consent, but to be recognized and protected. The language of the amended section is clear and unambiguous. It authorized the amendment of charters. There is nothing in the language to suggest that the section, as amended, was intended to have a retrospective operation.

It is argued that the reservation of the right to amend, alter or change the provisions of the certificate of incorporation, and the subjection of all rights of stockholders to the reservation of power, makes the right of the appellee contingent or expectant, and, therefore, subject to cancellation.

The language of this provision is no broader than that of *Section* 26 of the *Corporation Law,* as amended. It is not, in any degree, so perspicuous and definite. If, as we have held, *Section* 26 operates prospectively and gives no power to cancel dividends on cumulative preferred stock accrued through time, clearly the charter provision can have no greater significance or meaning.

It is universally agreed that the authority of the State, under its so-called reserved power is wide but not unlimited.

Many interrelations of the State, the corporation, and the shareholders may be changed. But he, who contends that the State has conferred a power upon corporations, by charter amendment, to change such a substantial contractual right as the right to dividends on cumulative preferred stock accrued under the contract through time, should be able to point to statutory language so clear and precise as to permit of no reasonable doubt that a retrospective operation was intended.

The Chancellor correctly construed the language of the opinion in the *Keller Case* as being applicable to the situation presented here. His decree is sustained.