THE PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTLNG ANNUITIES, a Pennsylvania Corporation, and A. MERRITT TAYLOR, Trustees under the will of John Sellers, Jr., Deceased, and FRANK S. GARRETT, Holders of Common Stock of Edge Moor Iron Company, a dissolved corporation of the State of Delaware,

Appellants,

*vs.*

FRANK G. COX and JOHN H. SHIVELY, Receivers by appointment of the Chancellor of the State of Delaware of said Edge Moor Iron Company,

Petitioners Below,

and FRANK G. COX, JOHN H. SHIVELY and WILMINGTON TRUST COMPANY, a Delaware Corporation, Trustees under the Will of William F. Sellers, Deceased, holders of preferred stock of said Edge Moor Iron Company, and EDGE MOOR IRON COMPANY, a dissolved corporation of the State of Delaware, and HELEN S. GARRETT,

Appellees.

*Supreme, On Appeal, April 19, 1938.*

LAYTON, C. J., HARRINGTON, RICHARDS, RODNEY and SPEAKMAN, JJ., sitting.

Reuben Satterthwaite, Jr., and William S. Satterthwaite, for Frank S. Garrett.

Hugh M. Morris and Ivan Culbertson for Pennsylvania Company for Insurances on Lives, etc., and A. Merritt Taylor, Trustees under the will of John Sellers, Jr.

Robert H. Richards and Robert H. Richards, Jr., of the firm of Richards, Layton & Finger, for appellees.

LAYTON, C. J., delivering the opinion of the Court:

The Chancellor held, *Garrett v. Edge Moor Iron Co.*, 22· *Del. Ch.* 142, 194 *A.* 15, that under the statute and charter provisions, the dividends on the preferred shares were cumulative; and that the undistributed assets should be applied to the liquidation of dividends on the preferred shares remaining unpaid from October 1, 1931, to the time of the payment of the par value of the preferred shares.

We are in accord with the conclusions reached by the Chancellor, and can add nothing to the clarity and force of the reasoning on which they were based.

However, there is one contention, earnestly pressed here, which was not noticed by the Chancellor in his opinion. The contention is this: The phrase, "when and as declared," in the charter provision relating to the preferred shares, has the conditional meaning of "if," "in the event," or "in case"; that the phrase must be given its ordinary and obvious meaning; and that it must be regarded as controlling. Wherefore, it is argued, the language of the charter clearly shows that dividends on the preferred shares were not cumulative, for the reason that the right to dividends did not arise until they were actually declared; and the rule, that dividends on preferred shares are to be regarded as cumulative when they are fixed at a certain rate and are charged generally against net profits and surplus, is, therefore, not applicable.

This contention seems to be that the phrase "when and as declared," relates to and qualifies the word "dividends" wherever that word appears in the charter provision, re-

gardless of the situation of the company, whether as a going concern, or one in liquidation.

This interpretation cannot be sustained. The charter provision was intended to declare the contractual rights of the shareholders *inter-sese* in differing situations of the corporation. It is elementary that the whole of the provision must be considered in arriving at its meaning and effect; and no word in the contract may be disregarded if any meaning, reasonable and consistent with other parts, can be given to it.

The first sentence of the provision relates to the right of the preferred shareholders to dividends on their shares in a going concern. Usually, apart from special situations, shareholders have no right to dividends until they are declared. The phrase "when and as declared," is a usual one in corporate charters as well with respect to cumulative as to non-cumulative dividends. As used, it was merely declaratory of the law applicable to the right to dividends in an active corporation in the usual situation, and it has no other or special significance.

The second sentence declares the contractual right of the preferred shareholders in the event of dissolution, liquidation or winding up of the corporation. In this situation it is provided, not that the preferred shareholders shall receive dividends "when and as declared," but that they shall be paid in full the par value of their shares "with all unpaid dividends thereon to the date of such payment." The preferences, their nature and extent, are clearly declared in either situation of the company. The fact that the two sentences, establishing the contractual rights of the shareholders in differing situations of the company, are not separated into paragraphs, furnishes no ground to ignore the plain meaning and purpose of the language of the provision. The construction urged by the appellants would cast aside as meaningless the words "all unpaid dividends thereon to the date of such payment." These words have a meaning

in harmony with the conception of cumulative dividends accruing through time. If it had been intended, in the event of the dissolution of the corporation, to restrict the right of the preferred shareholders to such dividends as had been declared but not paid, it would not have been difficult to express such intention. Manifestly that was not the purpose. The phrase "when and as declared" was not intended to modify the right of the preferred shareholders in the event of liquidation or winding up of the corporation.

The decree of the Chancellor is sustained.