## WALDNER v. EQUITABLE LOAN SOC.
### Civil Action No. 407.

District Court, D. Delaware.
May 9, 1945.

John J. Morris, Jr., of Wilmington, Del. (of Hering, Morris, James & Hitchens, of Wilmington, Del.), and J. Channing Ellery, of Philadelphia, Pa., for the receivers.

LEAHY, District Judge.

The sole question is whether the preferred stock is entitled to cumulative dividends. Par. 4 of the charter construed under the rules of Delaware law would make such stock carry the attribute of a cumulative dividend. See Garrett v. Edge Moor Iron Co., 22 Del.Ch. 142, 194 A. 15, affirmed sub nom. Pennsylvania Co. for Insurance on Lives, etc., v. Cox, 23 Del.Ch. 193, 199 A. 671, and cases therein cited. Further than that, the evidence at the hearing was abundant to show the acts of the officers, directors and stockholders over a long period of time disclose the construction they placed on the meaning of the contract, found in paragraph 4 of the charter, between the preferred and common stockholders inter sese. At the first meeting of the incorporators on January 22, 1910 a resolution was passed approving the form of the preferred stock certificates. These certificates since then and up to the present have always borne the legend that the dividends on such shares were to be "cumulative." * Thereafter, the whole course of conduct demonstrates that when a dividend was declared for payment on the preferred stock it covered the period from the date of last payment to the preferred. For example, the dividend declared on December 30, 1922 and to be paid January 15, 1923, was, as the minutes disclose, "to be for the dividend as accrued for the six months beginning December 31, 1912 and June 30,

---

* The language appearing on the preferred stock certificate reads:

"This stock shall bear dividends at the 8 per cent. per annum cumulatively and shall be preferred both as to dividends in any distribution of profits and as to principal and any accumulations of dividends in any distribution or division of the corporate property upon dissolution or liquidation. This stock shall further be entitled to participate in the distribution of 50 per cent. of the net profits of the company to the holders of all the preferred stock issued."

1913." This system of dividend payment was followed throughout the history of the corporation from 1910 to the date of institution of suit.

Twenty-seven years accrued dividends, amounting to $2.16 a share, are now due the preferred after they receive their par. $33,734 will be allocable to the payment of the par. The balance will be insufficient to pay completely the back dividend charge. Nothing remains for distribution to the common stockholders.

Let the receivers make final distribution in accordance with the foregoing.