## In re LOUISVILLE GAS & ELECTRIC CO. (DELAWARE).

### Civ. A. No. 1074.

District Court, D. Delaware.
March 31, 1948.

A. Louis Flynn and H. P. Reynolds, both of Chicago, Ill., for Louisville Gas & Electric Co. (Delaware).

Charles W. Milner, of Louisville, for Louisville Gas & Electric Co. of Kentucky.

Alfred B. Teton, William J. Froelich and Henry A. Stanbury, all of Chicago, Ill., for Standard Gas & Electric Co.

Charles B. McGroddy, Jr., Lynne A. Warren and Warren & McGroddy, all of New York City, for Class A Stockholders of Louisville Gas & Electric Co. (Delaware).

Myron S. Isaacs, of Washington, D. C., Edward V. Ahern and Walter Glass, both of Philadelphia, Pa., for Securities & Exchange Commission.

LEAHY, District Judge.

This plan is filed by the Securities and Exchange Commission pursuant to §§ 11(e) and 18(f) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. §§ 79k (e), 79r(f), requesting enforcement and an order to carry out a plan for the liquidation of Louisville Gas and Electric Company, a Delaware corporation and a registered holding company (hereinafter referred to as "Delaware Company"). The holding company system of which Delaware Company is a part is described in the Commission's findings and opinion (Holding Company Act of 1935, Release No. 7789).

The outstanding securities of Delaware Company consist of 600,374 shares of Class A Common Stock, all held by the public, and 300,949 shares of Class B Common Stock of which 94.56% is held by its parent and the balance by the public. Delaware Company's sole income producing asset is the common stock of Louisville Gas and Electric Company, a Kentucky corporation (hereinafter referred to as "Kentucky Company"). This company is a public utility holding company.

The plan proposes the liquidation and dissolution of Delaware Company by distributing to its stockholders its holdings of Kentucky Company common stock. $1\frac{1}{14}$ shares of Kentucky Company common stock will be distributed per share of Class A Common Stock of Delaware Company, and 0.913 of a share of Kentucky Company common stock for each share of Class B Common Stock of Delaware Company. After a thorough and critical exam-

ination, the Commission found this proposed allocation fair and equitable to both classes of stock.

The objectors, representing certain holders of Class A Common Stock, contend the plan represents inadequate recognition of the priorities and preferences of the Class A Common Stock. The major basis of the objectors' attack is that the Commission erred in considering that the Class A Common Stock was not a cumulative preferred stock. The charter provides that the holders of the Class A Common Stock "shall be entitled to receive, when as and if declared by the Board of Directors, out of the net profits or surplus of the corporation, dividends at the rate of One Dollar and *Fifty Cents ($1.50)* per share per annum, payable quarterly at such times as the Board of Directors shall determine before any dividends shall be set apart or paid on Class B Common Stock." It further provides that upon dissolution the Class A Common Stock shall receive $25 per share before the Class B Common Stock receives anything. § 13 of the Delaware Corporation Law, Rev.Code, § 2045, which permits the issuance of one or more classes of stock, provides: " * * * with such designations, preferences and relative, participating, optional or other special rights and qualifications, limitations or restrictions thereof, as shall be expressed in the Certificate of Incorporation or of any amendment thereto, or in the resolution or resolutions providing for the issue of such stock adopted by the Board of Directors pursuant to authority expressly vested in it by the provisions of the Certificate of Incorporation or of any amendment thereto."[1]

The objectors also urge that a further ground for objection is that the Class A Common Stock was entitled to receive over and above the value of the stock itself an additional 60¢, representing the principal of and interest upon a 1937 quarterly dividend of 37½¢ wrongfully unpaid. Moreover, the objectors urge an inadequate consideration has been given to the Class A Common Stock based on the criterion of value including the market and dividend history for the past 8 years and its past and projected earnings. As to this latter point, I think the Commission adequately treats it in its Findings and Opinion. In fact, I specifically adopt all of the Findings and differ with the Opinion only on what I consider to be a minor point of interpretation of Delaware law.

I shall comment briefly on the question as to whether the Class A Common Stock is a cumulative or non-cumulative preferred stock.

I think under Delaware law that the stock denominated Class A Common Stock is a cumulative preferred stock. The term "preferred stock" is not a term of art under the Delaware Corporation Law, and the nature of the security must be determined from its rights and character and not its name. In Starring v. American Hair & Felt Co., 21 Del.Ch. 380, 191 A. 887, 890, affirmed 21 Del.Ch. 431, 2 A.2d

---

[1] § 13 of the Delaware Corporation Law at the time of the 1925 amendment to the Delaware Charter read, in part, as follows: "Every corporation shall have power to create two or more classes of stock, with such designations, preferences and voting powers, or restrictions or qualifications thereof, as shall be stated and expressed in the certificate of incorporation; and the power to increase or decrease the stock, as in this act elsewhere provided, shall apply to any or all of the classes of stock. Any or all classes of preferred stock may, if desired, be made subject to redemption at such time or times, and at such price, not less than par, as may be expressed in the certificate of incorporation or any amendment thereof; and the holders of any preferred stock shall be entitled to receive and the corporation shall be bound to pay thereon dividends at such rates and on such conditions as shall be stated in the certificate of incorporation, or an amendment thereof, payable quarterly, half-yearly or yearly, before any dividends shall be set apart or paid on the common stock; and when any such quarterly, half-yearly or yearly preferred dividend shall have been paid or set aside as herein provided, a dividend upon the common stock may then be paid out of the remaining surplus or net profits of the company; and such preferred dividends may be made cumulative * * * ." Rev.Code 1915, § 1927, as amended by 29 Del.Laws, c. 113, § 7.

249, preferred stock was defined as "a stock which in relation to other classes enjoys certain defined rights and privileges. These rights and privileges are generally associated with specified dividend and liquidation priorities." The Delaware Class A Stock comes exactly within this definition for it is entitled to a priority both as to earnings and in liquidation.

I think Garrett v. Edge Moor Iron Co., 22 Del.Ch. 142, 194 A. 15, affirmed sub nom. Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Cox, 23 Del.Ch. 193, 199 A. 671 (followed and cited with approval in Waldner v. Equitable Loan Society, D.C.Del., 60 F.Supp. 372) would make such stock carry the attribute of a cumulative dividend. In the Garrett case [22 Del. Ch. 142, 194 A. 18], the Chancellor noted that the phrase in § 13, viz., "and such preferred dividends may be made cumulative * * *" requires "that the cumulative character of the dividends shall be made affirmatively to appear in the charter", but held that it was unnecessary under that clause "that the word 'cumulative' shall be used in the language descriptive of the dividend preferences. Any language which describes with sufficient clarity that the dividends are to be cumulative, no matter what its phraseology may be, satisfies the clause." In the Garrett case the Court construed the following provisions of a certificate of incorporation: "The preferred stock shall primarily receive dividends, when and as declared out of the surplus or net earnings of the corporation, at the rate of six per centum per annum, payable semi-annually on the first day of April and October in each year; the dividends on the preferred stock shall be paid or set apart before any dividends shall be paid on the common stock." The Court, in holding that the language actually used in the Edge Moor Iron Company charter sufficiently described the dividends as cumulative, said: "Here the net earnings and surplus out of which the stipulated dividends were to be paid, were not the net earnings of each year to which each particular annual dividend was allocable. The dividends were chargeable against net earnings and surplus generally, which means for all time. Where such is the charter contract, the authorities are in unison in holding that the stipulated dividend is cumulative and is always payable ahead of dividends on subordinate stock, whenever a lawful fund is available for distribution to the stockholders. This proposition is stated by Van Fleet, V.C. in Elkins v. Camden etc. R. R. Co., supra [36 N.E.Eq. 233], as firmly established. The authorities, both American and English, support it, as do also the text writers."[2]

The real ratio of the Garrett case is that a preferred stock is cumulative when the dividends are chargeable against net earnings and surplus generally, and the Commission's enumeration of differences in the Garrett case—that the dividend there was of a definite rate where here it is indefinite, that the stock here is labeled a common stock and that the liquidation preference of the Class A Common Stock is $25 per share flat whereas the liquidation preference of the Edge Moor Iron preferred stock was stated as par value "with all unpaid dividends thereon to the date of such payment", that here the dividends on the Class A Common Stock are expressly made payable "when, as and if declared" whereas the Edge Moor preferred dividends were payable "when and as declared" —are not sufficient to induce a contrary result. The Commission's further argument based on a comparison with the provisions governing the preferences of the former preferred stock is beside the point. The Commission states that "the plain and unambiguous language of the charter provisions relating to the Class A Common Stock indicates that the dividends on that stock are to be non-cumulative." If the language is plain and unambiguous, there can be no reason to interpret this against

---

[2] The general rule is as stated in 12 Fletcher's Cyclopedia of Corporations, Perm. Ed., § 5447, pp. 188, 189, "Unless a contrary intention appears, dividends on preferred stock are cumulative." See also the same authority at pp. 91 and 92. Cf. Hazel Atlas Glass Co. v. Van Dyk & Reeves, 2 Cir., 8 F.2d 716, 720; Cook on Corporations, 7th Ed., Vol. 1, page 796, § 273.

some other and former charter provisions. I conclude, then, that the stock denominated Class A Common Stock is a cumulative preferred stock under Delaware law.

My difference with the Commission on the interpretation of the Delaware law relative to the cumulative feature is not, however, sufficient to vitiate the plan. This factor is not of such paramount importance as the objectors claim. It is obvious that the issue relates only to that segment of the rights of the Class A and Class B Common stockholders relative to the Company as a going concern. The first preference of the Class A Common Stock on liquidation, like the second preference of Class B Common Stock on liquidation, is expressly fixed at $25 per share flat. To the extent that the liquidation preferences enter into the bundle of rights to be appraised, it is of no substantial importance whether the dividend preference be cumulative or non-cumulative.

With respect to the Class A stock's dividend preference as it relates to the future, the Commission demonstrated beyond question that adequate compensation for this preference is also included in the allocation proposed by the plan.

Similarly the argument of the objectors as to the skipped dividend in 1937 plus interest over a ten year period is also of relatively small importance.[3] The total amount of that claim even if the objectors are concededly right, would be slightly more than 2% of the total amount allocated per share to the Class A Common Stock. In considering these factors plus the other arguments raised by the objectors I do not think that the Commission's error in interpreting the Delaware law on the cumulative feature has the effect of placing the proposed allocation of the Class A Common Stock beyond the limits of the range which marks the area of fair and equitable treatment.

In view of the recent opinion in Re Engineers Public Service Co., 3 Cir., 168 F.2d 722, I am not sure whether the plan can be approved or must be remanded to the Commission. My difficulty arises from the following question asked at the hearing by the Court and the answer of Mr. Isaacs of the Commission:

"The Court: If the Commission were wrong as a matter of law as to whether or not the Class A Stock calls for cumulative dividends, would it be your position that the allocation would still be fair?

"Mr. Isaacs: Yes, I think the allocation would still be fair, although I will say this: I don't think the Commission has found that the allocation would still be fair. I think your Honor would have a problem, if you find that the dividend preference is cumulative, whether it is of sufficient importance to require a reconsideration of the rights of the two classes of stock in view of that conclusion. It seems to me a different situation." (R. pp. 50, 51) My tentative opinion is that the cumulative feature is not of sufficient importance to require a reconsideration of the rights of the two classes of stock with a probable increase of participation for the Class A. Even though the Class A Stock is cumulative, not only do I think the present plan fair and equitable but also I do not think it necessary to require a specific finding by the Commission to this effect. However, under circumstances such as this, the Commission should have the opportunity to present its views, at the settlement of the order, as to whether I should approve the plan as is, or whether I should remand it to the Commission within the rule of the Engineers Public Service Co. case.

Settle order on notice.[4]

[3] It has been a long interval of ten years since this portion of an annual dividend was passed. Any claim to the amount involved would appear to be stale under Romer v. Porcelain Products, Inc., 23 Del.Ch. 52, 2 A.2d 75.

[4] Upon settlement of the order the case was remanded to the SEC.